COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| JONATHAN RAY TUCKER, | § | No. 08-19-00015-CR |
| Appellant, | § | Appeal from the 297th |
| v. | § | Judicial District Court |
| THE STATE OF TEXAS, | § | of Tarrant County, Texas |
| Appellee. | § | (TC# 1505687D) |

## O P I N I O N

This is an appeal from Appellant Jonathan Ray Tucker's guilty plea to assault of a public servant.[1] Appellant argues that the trial court failed to orally pronounce the fine reflected in his judgment of conviction and that insufficient evidence supports various fees listed as reparations. The State concedes that some of the fines should be deleted from the judgment. For the reasons set forth below, we reform the judgment to delete two of the listed reparation fees, but otherwise affirm the judgment as modified.[2]

---

[1] This is a companion case to Case No. 08-19-00016-CR (TC# 1518931D), which is an appeal from Appellant's guilty plea to possession with intent to deliver more than 4 but less than 200 grams of methamphetamine. We issue separate opinions as to each case.

[2] This case was transferred from our sister court in Fort Worth pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX.GOV'T CODE ANN. § 73.001. We follow the precedents of the Fort Worth Court to the extent they might conflict with our own. *See* TEX.R.APP.P. 41.3.

1

# I. Factual and Procedural Background

On August 29, 2017, Appellant pled guilty to assault on a public servant. Pursuant to a plea negotiation with the State, the trial court deferred adjudicating Appellant's guilt and placed him on community supervision (probation) for three years. Appellant signed the trial court's order of deferred adjudication, which ordered that he pay attorney fees in the amount of $200. The conditions of Appellant's probation were also incorporated into and made part of the order, which required him to pay $60 a month in community supervision fees. Appellant did not appeal the order of deferred adjudication.

In November 2017, the State filed a petition to proceed to adjudication, alleging that Appellant violated several terms of his community supervision. On November 28, 2018, the trial court revoked Appellant's probation, adjudicated him guilty of assault of a public servant, and sentenced him to eight years' confinement. The trial court did not orally pronounce a fine at sentencing; however, the written judgment adjudicating guilt includes a $280 fine. The judgment additionally reflects $1,135 in reparations.

On the day that the trial court entered judgment, the Tarrant County Community Supervision and Corrections Department prepared a "Revocation Restitution/Reparation Balance Sheet" (balance sheet) that recorded Appellant's financial obligations as "Due to CSCD" of $35 and "Probation Fees" of $900. The district court clerk simultaneously prepared a "List of Fee Breakdowns," which reflected the court costs and fines outstanding for the cause. The clerk's list of fee breakdowns indicated $0 balances for both "Probation Fees Remaining" and "Due to CSCD Remaining."

Appellant's Brief raises four issues on appeal. First, he argues that the fine reflected in his judgment is invalid because the trial court did not pronounce a fine at sentencing. Second, he

2

claims that insufficient evidence supports the $35 "Due to CSCD" fee included as a reparation in his judgment. Third, Appellant maintains that the trial court incorrectly characterized the $900 for "Probation Fees" and the $35 "Due to CSCD" fee as reparations when the clerk's list of fees showed a zero balance for those fees. Appended to this issue is a complaint that an "Order to Withdraw Funds' is attached to the judgment. Finally, Appellant's final issue contends that insufficient evidence supports the $200 attorney fees the trial court assessed in the November 2017 order of deferred adjudication, which was later listed as reparations in the judgment of conviction. We address each issue in turn below.

## II. ORAL PRONOUNCEMENT OF FINE

Appellant's third issue on appeal[3] maintains that the $280 fine reflected in the judgment is error because the trial court did not orally pronounce a fine during his sentencing. The State recognizes the variance between the trial court's oral pronouncement and the judgment and acknowledges that the judgment should be reformed. Based on this record, we agree.[4]

---

[3] Appellant consolidated his briefing for this appeal with the briefing for Case No. 08-18-19-00016-CR. Issues Three through Six of Appellant's opening brief are addressed here, while Issues One and Two are addressed in Case No. 08-18-19-00016-CR.

[4] Appellant did not raise an objection to the trial court concerning this issue. *See Mayer v. State,* 309 S.W.3d 552, 555 n.5 (Tex.Crim.App. 2010) (indicating that if an appellate court addresses an issue on the merits it is presumed the court first fulfilled its obligation to consider procedural default). An appellant must generally object in the trial court to preserve an issue for review. *See* TEX.R.APP.P. 33.1(a). But if a trial judge fails to perform a mandatory duty (i.e. *Marin* Category I or II claims), a defendant may raise that failure even in the absence of an objection. *See Proenza v. State*, 541 S.W.3d 786, 797 (Tex.Crim.App. 2017), *quoting Marin v. State*, 851 S.W.2d 275, 280 (Tex.Crim.App. 1993), for the proposition that "a litigant 'need make no request at trial for the implementation of' waiver-only rights precisely because 'the [trial] judge has an independent duty to implement them absent an effective waiver.'") And TEX.CODE CRIM.PROC.ANN. art. 42.03 § 1(a) states that a trial judge "shall" orally pronounce the sentence in the defendant's presence (except in certain situations not germane here); *see also Ex parte Madding*, 70 S.W.3d 131, 136 (Tex.Crim.App. 2002) (noting due process concern when trial court orally pronounces one sentence but later enters a different written judgment when the defendant is not present). In the absence of any claim by the State of waiver, and any briefing by the parties on the issue, it is enough for us to say that there is a colorable argument negating forfeiture, and we therefore address the issue. On a different record, we might well hold otherwise. *Cf. Burt v. State,* 396 S.W.3d 574, 578 (Tex.Crim.App. 2013) (no waiver when defendant had no opportunity to object to variance) *with Napier v. State*, No. 08-18-00050-CR, 2020 WL 255745, at *2 (Tex.App.--El Paso Jan. 17, 2020, no pet. h.) (finding forfeiture when record showed defendant was present when both the oral pronouncement and written judgment of conviction was signed and failed to object to variance between the two).

A fine is a component of a felon's sentence that must be orally pronounced in the defendant's presence. *See Ette v. State*, 559 S.W.3d 511, 513 (Tex.Crim.App. 2018); TEX.CODE CRIM.PROC.ANN. art. 42.03 § 1(a).[5] As a matter of due process and fair notice, when the trial court has discretion over some aspect of punishment, the sentence orally pronounced by the trial court controls if it differs from the sentence reflected in the written judgment. *See Ette*, 559 S.W.3d at 516-17; *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App. 1998) (en banc). A defendant placed on deferred adjudication is not sentenced until the trial court revokes the order deferring adjudication and adjudicates guilt. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex.Crim.App. 2004). Thus, when a trial court adjudicates a defendant's guilt after deferring adjudication and does not orally assess a fine but includes a fine in the judgment, the oral pronouncement controls. *See id.*

The trial court did not orally pronounce a fine during Appellant's sentencing, and his judgment reflects a $280 fine. The trial court's oral pronouncement controls, and Appellant may not be ordered to pay a fine as a part of his sentence. Issue Three is sustained as it pertains to the $280 fine reflected in Appellant's judgment.

We have the authority to reform the judgment to correct this error and do so here. *See French v. State*, 830 S.W.2d 607, 609 (Tex.Crim.App. 1992) (en banc) (holding that an appellate court has the authority to modify a judgment to make it speak the truth); *Lewis v. State*, 423 S.W.3d 451, 459 (Tex.App.--Fort Worth 2013, pet. ref'd) (modifying judgments to delete fines that trial court did not orally pronounce at sentencing). Consistent with our authority, we modify the judgment of conviction to delete the $280 fine and reform the judgment to reflect no fine.

---

[5] Although the Texas Code of Criminal Procedure permits limited exceptions whereby a felon may be sentenced *in abstentia,* none of those exceptions apply to Appellant's case. *See* TEX.CODE CRIM.PROC.ANN. art. 42.14(b).

### III. THE "DUE TO CSCD FEE"

Appellant next argues that the record does not justify $35 in reparations listed on the Community Supervision and Corrections Department balance sheet as "Due to CSCD."[6] The State acknowledges, and we agree, that nothing distinguishes this $35 "Due to CSCD" fee from other "Due to CSCD" fees that the Fort Worth Court of Appeals has invalidated. For this reason, Appellant has shown that he is entitled to relief.

We review the assessment of court costs on appeal to determine if there was a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex.Crim.App. 2014). Court costs are not a component of the guilt or sentence of a defendant, and they need not be proven at trial. *Id*. As a result, traditional *Jackson v. Virginia* evidentiary principles do not apply on appellate review. *Id., referencing Jackson v. Virginia*, 443 U.S. 307, 316 (1979).

The Fort Worth Court of Appeals addressed this issue in *Lewis v. State*, where a defendant challenged the basis for reparations itemized as "Due to CSCD" on his balance sheets after the trial court revoked his deferred adjudication. 423 S.W.3d at 452-53, 461. The court sustained the issue and struck the "Due to CSCD" reparations because it was not able to determine what the figures represented or whether they were part of the original conditions of that defendant's probation. *Id.* The court recently upheld *Lewis* under similar facts on direct appeal after revocation of deferred adjudication. *Hongpathoum v. State*, 578 S.W.3d 213, 216 (Tex.App.--Fort Worth 2019, no pet.) (striking reparations from judgment that were recorded by Community Supervision and Corrections Department as "due to CSCD").

---

[6] Concerning Issues Four and Five, Appellant did not object in the trial court to the amount of costs, or the procedure by which the amount of costs was determined. He was not required to raise such an objection, however, in order to challenge the sufficiency of the evidence to support the award of court costs on appeal. *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex.Crim.App. 2014).

We sustain the issue because we have found nothing to distinguish the $35 "Due to CSCD" figure in Appellant's record from the "Due to CSCD" figure invalidated in *Lewis*. We modify the reparations in the judgment to subtract the $35 "Due to CSCD" fee from the total reparations, and reform the judgment to reflect $1,100 in reparations. *See French*, 830 S.W.2d at 609.

## IV. DISCREPANCY BETWEEN THE BALANCE SHEET AND THE CLERK'S LIST OF FEES

Appellant also maintains that the trial court incorrectly listed the $35 "Due to CSCD" and $900 "Probation Fees" amounts as reparations in his judgment, when the Tarrant County District Clerk's listed a zero amount for those fees. We have already addressed the $35 "Due to CSCD" fee under a different issue. We overrule this issue as it pertains to the $900 for "Probation Fees" because the record does not contain conflicting evidence concerning this figure.

### A. Unpaid probation fees

Unpaid probation fees may be imposed upon a defendant as reparations. *See Hongpathoum*, 578 S.W.3d at 216, *citing Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex.App.-- Fort Worth 2016, pet. ref'd). "[I]n the absence of contradicting evidence showing that appellant did not owe the reparations [of unpaid probation fees] or had already paid them, the CSCD balance sheet contained in the record is sufficient to support the reparations." *Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR, 2017 WL 2276751, at *3 (Tex.App.--Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication).

In Appellant's record, the Community Supervision and Corrections Department balance sheet reflects a $900 "Probation Fees" entry, while the clerk's list of fee breakdowns indicates $0 for "Probation Fees Remaining." Both documents are dated November 28, 2018, the day the trial court entered judgment. Although not cited to by either party, Appellant's Presentence Investigation Report indicates that on October 1, 2018, Appellant owed $815 in outstanding

6

probation and lab fees, and he never made a payment towards his $60 monthly probation fees. As such, the record provides a basis for the $900 for "Probation Fees" listed as reparations in the judgment. *See Johnson*, 423 S.W.3d at 390.

Moreover, as the State correctly asserts, Appellant's argument concerning the $0 "Probation Fees Remaining" on the clerk's list of fee breakdowns has been rejected by the Fort Worth Court of Appeals. That court noted that the Community Supervision and Corrections Department balance sheet shows any unpaid probation fees as reparations. *See Lyle v. State*, No. 02-17-00227-CR, 2019 WL 3024480, at *3 (Tex.App.--Fort Worth July 11, 2019, pet. ref'd) (mem. op., not designated for publication). By contrast, the district clerk's list of fees and certified bill of costs assess only court costs, and not reparations. *See id.*, *citing* TEX.CODE CRIM.PROC.ANN. art. 103.001 (delineating the process by which a written bill of costs is produced). By that logic, the clerk's list of fee breakdowns in Appellant's record reflects $0 "Probation Fees Remaining" because the $900 owed for "Probation Fees" were categorized as reparations in the Community Supervision and Corrections Department balance sheet. *See id.*; *Hongpathoum*, 578 S.W.3d at 217 (finding that clerk's bill of costs and list of fee breakdowns showed a zero balance for unpaid probation fees because the fees were categorized as reparations on Community Supervision and Corrections Department balance sheet); *Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *1 (Tex.App.--Fort Worth June 7, 2018, no. pet.) (mem. op., not designated for publication) (recognizing that owed probation fees may not be reflected on the clerk's list of fee breakdowns because they were categorized as reparations on the Community Supervision and Corrections Department balance sheet).

Appellant has thus not shown relief is warranted as it pertains to the $900 for "Probation Fees" listed as reparations on his judgment, and we overrule this portion of the issue.

7

**B. "Due to CSCD" fee**

In Issue Four, we found the $35 "Due to CSCD" fee invalid and deleted the amount from the reparations assessed in the judgment. Accordingly, we need not address it under Issue Five, and overrule that portion of the issue as moot.

### IV. ATTORNEY FEES ASSESSED AT THE TIME OF DEFERRED ADJUDICATION

Appellant lastly argues that the record lacks sufficient evidence to support the trial court's assessment of $200 for attorney fees incurred at the time when he was originally placed on probation, and which were later listed as reparations when the trial court revoked deferred adjudication. Specifically, Appellant maintains that the trial court should not have assessed the attorney fees because he has claimed indigent status throughout the proceedings. We agree with the State's argument that Appellant procedurally defaulted this issue because he failed to object in 2017 when the trial court entered the order of deferred adjudication that assessed the fees.

An appellant that has knowledge of the assessment of attorney fees and fails to appeal the trial court's imposition of those fees from the original order of deferred adjudication procedurally defaults the issue and cannot appeal it when deferred adjudication is subsequently revoked. *See Riles v. State*, 452 S.W.3d 333, 337-38 (Tex.Crim.App. 2015); *Wiley v. State*, 410 S.W.3d 313, 320-21 (Tex.Crim.App. 2013) (holding that challenges to attorney fees imposed as a condition of community supervision deferred adjudication must be raised on direct appeal from the initial order for deferred adjudication). The record demonstrates that Appellant had knowledge of the attorney fees at the time when the trial court ordered deferred adjudication. On August 29, 2017, in the original order of deferred adjudication, the trial court ordered Appellant to pay "ATTORNEY FEES IN THE AMOUNT OF $200" to the district clerk's office. Appellant signed and placed his fingerprint on the order. *See Riles*, 452 S.W.3d at 337 (finding that appellant's signature on order

8

for deferred adjudication, indicating that appellant would be required to pay attorney fees, demonstrated knowledge). The election of counsel form that Appellant signed on July 15, 2017, stated that he "underst[ood] that [he] may be required to repay Tarrant County for a court-appointed lawyer at a later time . . . ." *See id.* (finding knowledge where appellant signed plea form indicating costs may include fee for court-appointed attorney).

Because Appellant had knowledge of the assessment of the attorney fees in August 2017 when the trial court entered the order of deferred adjudication, he was required to appeal the sufficiency of the assessment of the fees at that time. *See id.* at 337-38. Appellant's complaint, raised well over a year after the trial court entered the order of deferred adjudication, is not cognizable in this appeal from his judgment of conviction. *See* TEX.R.APP.P. 26.1. An appellant must raise all cognizable issues in a direct appeal from the initial order of deferred adjudication. Failing to do so results in procedural default. *See Riles*, 452 S.W.3d at 337-38, *citing to Wiley*, 410 S.W.3d at 320; *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999) (holding that any issue related to the original plea proceeding of deferred adjudication community supervision be taken only in an appeal to the original order of deferred adjudication). As such, we overrule the issue as procedurally defaulted.

## V. REQUEST TO REFORM WITHDRAWAL NOTIFICATION

As sub-parts of Issues Three through Six, Appellant challenges a withdrawal notification that the trial court issued to the Texas Department of Criminal Justice.[7] Specifically, Appellant argues that this Court should delete the following amounts from the withdrawal notification: (1) the $280 fine; (2) the $35 "Due to CSCD" fee characterized as a reparation; (3) the $900 for

---

[7] This opinion uses the term withdrawal "notification" to mirror the term used by the controlling statute, TEX.GOV'T CODE ANN. § 501.014(e). The trial court issued an "order to withdraw funds" to the Texas Department of Criminal Justice in Appellant's case.

"Probation Fees" listed as reparations; and (4) the $200 in attorney fees included as reparations. The State does not address Appellant's challenge to the withdrawal notification.

On the merits of the challenges, we granted relief concerning the $280 fine in Issue Three, and the $35 "Due to CSCD" fee in Issue Four. We denied relief concerning the $900 for "Probation Fees" complained of and the $200 in attorney fees. We apply those same rulings to the request for modification of the withdrawal notification.

## A. Relevant case law

A withdrawal notification, created pursuant to the Texas Government Code, directs prison officials to withdraw money from an inmate's account. *See* TEX.GOV'T CODE ANN. § 501.014(e). The notification is a civil matter akin to a garnishment action, and not part of the underlying criminal case. *See Harrell v. State*, 286 S.W.3d 315, 316-19 (Tex. 2009). A proper notice of appeal in a criminal case, however, confers jurisdiction on a court of appeals, investing the court with the authority to address any issue pertinent to the judgment or order appealed from unless otherwise restricted by statute. *See Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex.Crim.App. 2012).

In *Armstrong v. State*, the Court of Criminal Appeals held that a challenge to the evidence supporting a bill of costs on direct appeal was not a civil matter, because the claim was grounded in criminal law and costs are derived from the Texas Code of Criminal Procedure. *See Armstrong*, 340 S.W.3d 759, 766 (Tex.Crim.App. 2011). Conversely, a claim contesting the "means" of collection of court costs, such as a withdrawal notification, is a civil matter not cognizable on direct appeal. *See id.*, *citing Harrell*, 286 S.W.3d at 318 (indicating that criminal law is not the focus of a withdraw notification).

**B. Analysis**

Appellant's underlying claims, similar to the claim declared cognizable on appeal in *Armstrong*, sound in criminal law and due process. *See Ette*, 559 S.W.3d at 513. Appellant does not contest the validity of the withdrawal notification pursuant to the Texas Government Code; he contests the validity of the fine and reparations as reflected in his judgment. *See Armstrong*, 340 S.W.3d at 765 (noting that when a matter is essentially criminal, the presence of civil law issues does not remove it from appellate jurisdiction). In addition, Appellant's withdrawal notification states that it is "entered and incorporated into the Judgment and Sentence of this Court . . . ." Having reformed the judgment of conviction to delete the $280 fine and $35 "Due to CSCD" reparations amount, the withdrawal notification is necessarily reformed as well.[8]

## VI. CONCLUSION

We sustain Issue Three as it pertains to Appellant's request for this Court to delete the $280 fine from the Judgment Adjudicating Guilt and the incorporated withdrawal notification. We also sustain Issue Four as it pertains to Appellant's request for this Court to delete the $35 "Due to CSCD" fee from the reparations included in the Judgment Adjudicating Guilt and as incorporated in the withdrawal notification. We overrule Issue Five as it pertains to Appellant's challenge to the $900 for "Probation Fees" and further overrule Issue Six as it relates to Appellant's challenge of the $200 in attorney fees listed as reparations in the withdrawal notification. We modify the withdrawal notification styled with cause 1505687D to delete the $280 fine and reform it to reflect

---

[8] The Fort Worth Court of Appeals follows this holding. *See, e.g., Johnson v. State*, No. 02-15-00357-CR, 2019 WL 2223581, at *9 (Tex.App.--Fort Worth May 23, 2019, pet. ref'd) (mem. op., not designated for publication) (modifying judgment and striking withdrawal notification on direct appeal); *Ayala v. State*, No. 02-17-00385-CR, 2018 WL 2727954, at *2 (Tex.App.--Fort Worth June 7, 2018, no pet.) (mem. op., not designated for publication) (modifying withdrawal notification to delete fine that trial court did not orally pronounce).

no fine.  We also modify the withdrawal notification to delete the $35 "Due to CSCD" fee from reparations, and reform it to reflect $1,684 in court costs, fees, fines, and restitution.

We affirm the judgment as modified.

JEFF ALLEY, Chief Justice

February 13, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)