Henry ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 46685.

Court of Criminal Appeals of Texas.

June 20, 1973.

Rehearing Denied July 11, 1973.

Ben Grant, Marshall, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of driving a motor vehicle on a public highway while intoxicated. The jury assessed punishment at $50.00 and three days in jail, and then recommended probation of both the fine and the confinement. The court probated his punishment for six months under the provisions of Article 42.13, Vernon's Ann.C.C.P.

The sufficiency of the evidence is not challenged.

Appellant's sole contention is that he was denied his right to counsel in violation of Article 1, Section 10, Vernon's Ann.St., of the Constitution of the State of Texas and the Fourteenth Amendment to the Constitution of the United States.

The record before this Court reflects that appellant was arrested in the early morning of June 3, 1972; that before being taken to the Harrison County jail he requested his wife, Linda, to call his attorney. His attorney called the jail and asked the jailer if he could see his client but was advised that he would not be able to see him until after eight o'clock that morning because it was jail policy not to allow visitors during the early hours in the morning. Meanwhile, the arresting officer had requested that the appellant submit to a breathalyzer test. Appellant refused. Appellant testified that had his attorney been present and advised him to take the breathalyzer test he would have done so. Appellant's attorney testified that he did not attempt to call the sheriff or his chief deputy. No statement was taken from appellant.

Article 1, Section 10 of the Constitution of the State of Texas guarantees to an accused the right to counsel, and it is an offense under Article 1176, Vernon's Ann.P.C., for an officer to prevent an accused from consulting with his counsel. This right should not be denied. An attorney representing a client should not be classed as a visitor or denied access to his client.

 We hold that under the circumstances of this case the denial of counsel at one time during the middle of the night where one has been charged with an offense involving drunkenness and no confession or other incriminating evidence was obtained does not necessitate a reversal.

 The judgment in the instant case recites that appellant pled guilty and waived his right to a trial by jury. The record showed that appellant pled not guilty as well as requested and received a trial by jury. The judgment is reformed to recite that appellant pled not guilty and that he was convicted by a jury.

No reversible error being shown, the judgment, as reformed, is affirmed.