

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-20-00023-CR

———————————————————

PATRICK JOEL ARENT, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1487494D

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant Patrick Joel Arent appeals the trial court's judgment revoking his deferred adjudication community supervision and adjudicating his guilt for aggravated assault with a deadly weapon. Appellant raises two issues, complaining that (1) the judgment erroneously reflects a plea of "true" when Appellant entered a plea of "not true"; and (2) the evidence is legally insufficient to support the grounds alleged for revocation and adjudication. We modify the judgment to reflect Appellant's plea of "not true" and affirm the judgment as modified.

## I. BACKGROUND

In December 2017, Appellant was placed on ten years' deferred adjudication community supervision for aggravated assault with a deadly weapon. As a condition of community supervision, Appellant was ordered to "[c]ommit no offense against the laws of this State."

In August 2019, Appellant was arrested for hitting his live-in girlfriend in the face. The State filed a petition to revoke Appellant's community supervision and proceed to adjudication, alleging that Appellant violated the terms of his community supervision by committing "ASSAULT BODILY INJURY-FAMILY MEMBER." *See* Tex. Penal Code Ann. § 22.01.

At the adjudication hearing, Appellant orally entered a plea of "not true." The State then presented evidence that Appellant hit his girlfriend in the face, causing her pain. Appellant himself testified that he had "push[ed]" the complainant's face but

2

denied that he had caused bodily injury. The trial court found that Appellant violated the terms of his community supervision by committing the offense alleged in the State's petition. The court proceeded to adjudication and entered judgment adjudicating Appellant guilty for the offense of aggravated assault with a deadly weapon. However, the written judgment erroneously states that Appellant pled "true" to the State's petition to adjudicate.

## II. MODIFICATION OF JUDGMENT

In his first issue, Appellant asks this court to reform the trial court's written judgment to reflect his plea of "not true." Although the record confirms that Appellant orally pled "not true" to the State's petition to adjudicate, the trial court's written judgment shows a plea of "true." The State agrees that the judgment is erroneous and should be modified to align with the record.[1]

We may modify a trial court's judgment to correct errors that contradict the record. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex. Crim. App. 1973) (modifying judgment to reflect plea of "not guilty" entered on the record); *see also Mwenebatu v.*

---

[1]The State's confession of error in a criminal case carries great weight, but it is not binding. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002), *modified on other grounds sub silencio by Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Neale v. State*, 525 S.W.3d 800, 810 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *see also Pickrom v. State*, Nos. 02-19-00188-CR, 02-19-00189-CR, 2020 WL 1808485, at *2 n.3 (Tex. App.—Fort Worth Apr. 9, 2020, pet. ref'd) (mem. op., not designated for publication). Even when the State makes concessions, we must independently examine the record because the proper administration of criminal law cannot be left to the parties' stipulations. *Saldano*, 70 S.W.3d at 884; *Neale*, 525 S.W.3d at 810; *see also Pickrom*, 2020 WL 1808485, at *2 n.3.

*State*, No. 02-17-00160-CR, 2018 WL 1096061, at *1 (Tex. App.—Fort Worth Mar. 1, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect plea of "not true" entered on the record); *Jackson v. State*, No. 06-03-00076-CR, 2003 WL 22332149, at *2 (Tex. App.—Texarkana Oct. 14, 2003, no pet.) (mem. op., not designated for publication) (same). Accordingly, we modify the judgment to reflect Appellant's plea of "not true." *See* Tex. R. App. P. 43.2(b).

## II. LEGAL SUFFICIENCY

Appellant next challenges the legal sufficiency of the evidence supporting the trial court's finding that Appellant violated the terms of his community supervision. In an adjudication proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking community supervision. *Cardona v. State*, 665 S.W.2d 492, 493–94 (Tex. Crim. App. 1984).

Here, the State alleged and the trial court found that Appellant had violated the terms of his community supervision by committing "ASSAULT BODILY INJURY-FAMILY MEMBER." Appellant interprets the phrase "ASSAULT BODILY INJURY-FAMILY MEMBER" as a reference to third-degree felony assault under Texas Penal Code Section 22.01(b)(2), which requires evidence of a family-violence-related enhancement. Tex. Penal Code Ann. § 22.01(b)(2). Appellant thus argues that

4

the evidence is insufficient to support revocation because the State offered no evidence of a family-violence-related enhancement under this Section.[2]  However, Appellant's challenge is based on a misinterpretation of the State's allegation and the trial court's finding.  The phrase "ASSAULT BODILY INJURY-FAMILY MEMBER" as used in the State's petition and the trial court's judgment did not refer to felony assault under Section 22.01(b)(2) but to misdemeanor assault under Section 22.01(a)(1).  *Id.* § 22.01(a)(1).

A person commits assault in violation of Section 22.01(a)(1) of the Texas Penal Code if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse."  *Id.*  Such an assault is a Class A misdemeanor even if it is committed against a member of the actor's family or household.  *Id.* § 22.01(b).  As another court of appeals has explained, "There is no offense under Chapter 22 entitled 'assault-family member' or 'assault-family violence.'  These are descriptions, not separate types of assault."  *Hernandez v. State*, No. 01-16-00755-CR, 2020 WL 4210495, at *5 (Tex. App.—Houston [1st Dist.] July 23, 2020, no pet.) (mem. op., not designated for publication).  Thus, because "[n]o evidence exist[ed] in the trial-court record to show that [the defendant] ha[d] previously been convicted of family violence, nor did the state attempt to prove a prior conviction at trial," the phrase

---

[2]Neither the State's petition to adjudicate nor the trial court's judgment expressly identified the classification of the offense at issue.

5

"assault—family violence" referred to a single instance of misdemeanor assault in violation of Section 22.01(a)(1) committed against a member of the defendant's family or household or against an individual with whom the defendant has a dating relationship. *Butler v. State,* 189 S.W.3d 299, 300–03 (Tex. Crim. App. 2006) (using the phrase "assault—family violence" to refer to the defendant's conviction for a single instance of misdemeanor assault under Section 22.01(a)(1), committed against the defendant's live-in fiancé); *see also Hernandez,* 2020 WL 4210495, at *5.

However, the Penal Code establishes a variety of enhancements the State may plead and prove to convert misdemeanor assault into a felony offense. *See, e.g.,* Tex. Penal Code Ann. § 22.01(b), (b-1), (b-2), (b-3). The Section cited by Appellant— Texas Penal Code Section 22.01(b)(2)—provides two family-violence-related enhancements, converting misdemeanor assault into a third-degree felony if it is committed against a member of the defendant's family or household or against an individual with whom the defendant has a dating relationship, and either (1) the defendant has a prior conviction for a qualifying offense involving family violence; or (2) the assault is committed by "impeding the normal breathing or circulation of the blood of the person." *Id.* § 22.01(b)(2). Yet, the State's petition to adjudicate made no mention of either enhancement. The petition said nothing about a prior conviction, and it did not allege that Appellant had impeded the complainant's normal breathing or circulation. Indeed, there is nothing in the record to indicate that

6

Appellant, the State, or the trial court understood either of these enhancements to be at issue during the adjudication hearing.

Appellant thus misinterprets the phrase "ASSAULT BODILY INJURY-FAMILY MEMBER" as used in the State's petition and the trial court's judgment and misunderstands the offense at issue. The State did not allege third-degree felony assault under Section 22.01(b)(2). Rather, the State's petition alleged, and the trial court found, that Appellant had violated the terms and conditions of his community supervision by committing Class A misdemeanor assault under Texas Penal Code Section 22.01(a)(1) against a member of his family or household or against an individual with whom he had a dating relationship. Appellant does not challenge the sufficiency of the evidence to support the elements of misdemeanor assault under Section 22.01(a)(1). Consequently, we overrule his second issue.

## III. CONCLUSION

Having overruled Appellant's legal sufficiency challenge, we modify the judgment to reflect Appellant's plea of "not true" and affirm the judgment as modified.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 29, 2020

7