

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00055-CR

_____

DAVID BOIMA HOFF, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1449644D

---

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant David Boima Hoff appeals from the trial court's adjudication of his guilt and sentence of twenty years' confinement. We agree with Hoff's court-appointed appellate counsel that this appeal is meritless as to the conviction and sentence. We will, however, modify the trial court's judgment to show that Hoff pleaded not true to the paragraphs heard on the State's first amended petition to proceed to adjudication. We therefore affirm the trial court's judgment as modified.

Under the terms of a plea bargain, Hoff pleaded guilty to the offense of aggravated sexual assault of an elderly or disabled person. *See* Tex. Penal Code Ann. § 22.021(a)(2)(c). Pursuant to the terms of the plea bargain, the trial court deferred adjudication and placed Hoff on community supervision for five years. During the period of Hoff's community supervision, the State filed a petition to proceed to adjudication and a first amended petition to proceed to adjudication. In its first amended petition to proceed to adjudication, the State alleged in five paragraphs that Hoff had violated five conditions of his community supervision: (1) he committed a new offense by not registering as a sex offender; (2) he failed to report to the Tarrant County Community Supervision and Corrections Department (CSCD) during the months of April 2017 through February 2020; (3) he failed to successfully complete a sex-offender treatment program; (4) he changed his address without timely notifying CSCD; and (5) he left Tarrant County without authorization from the trial court or CSCD.

At the hearing on the State's petition, the State waived paragraph one, and Hoff entered a plea of not true to paragraphs two through five. The trial court found the allegations in paragraphs two through five to be true, and it then adjudicated Hoff guilty of aggravated sexual assault of an elderly or disabled person and sentenced him to twenty years' confinement. Hoff appealed.

Hoff's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). In compliance with *Kelly v. State*, counsel notified Hoff of the motion to withdraw, provided him with a copy of the *Anders* brief, informed him of his right to file a pro se response, informed him of his right to seek discretionary review should this court hold the appeal is frivolous, and took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Hoff filed multiple pro se responses.[1] The State filed two letters with our court responding to counsel's *Anders* brief and to Hoff's pro se responses, agreeing with counsel's assessment that this appeal is frivolous.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court

---

[1]In his responses, Hoff argues that he is innocent of the underlying sexual-assault charge despite his plea of guilty to that charge.

3

must independently examine the record to see if any arguable ground may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response. *See In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008) (orig. proceeding). Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Hoff's pro se responses, the State's letters, and the records in this case. We note that in his *Anders* brief, counsel requests that the trial court's judgment be modified because the judgment incorrectly reflects that Hoff pleaded true to the allegations in the State's petition despite Hoff's pleading not true to the allegations at the hearing. In its letters to our court, the State agrees with counsel's request to modify the judgment to reflect that Hoff pleaded not true to the paragraphs heard on its petition.

We may modify a trial court's judgment to correct errors that contradict the record. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex. Crim. App. 1973) (modifying judgment to reflect plea of "not guilty" entered on the record); *Arent v. State*, No. 02-20-00023-CR, 2020 WL 6326151, at *1–2 (Tex. App.—Fort Worth Oct. 29, 2020, no pet.) (mem. op., not designated for publication) (modifying judgment to reflect plea of "not true" entered on the record). Having reviewed the record, we agree that the trial court's judgment incorrectly states that Hoff pleaded true to the allegations in the

4

State's petition. Accordingly, we modify the judgment to reflect Hoff's plea of "not true." *See* Tex. R. App. P. 43.2(b).

Except for this modification, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We thus grant counsel's motion to withdraw, modify the trial court's judgment to reflect Hoff's plea of "not true," and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 28, 2022