

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-21-00052-CR

———————————————————

CHANTEL MARIAH SEGURA, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR19-0705

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Chantel Mariah Segura appeals the revocation of her community supervision. We affirm.

In August 2019, Segura was charged with having, on or about February 27, 2019, intentionally or knowingly possessed a controlled substance (methamphetamine) in an amount of less than a gram. The quantity made Segura's offense a state-jail felony, which has a punishment range of 180 days to two years and up to a $10,000 fine. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(b); Tex. Penal Code Ann. § 12.35. Segura pleaded guilty in exchange for two years in state jail, to be probated for 3 years of community supervision, as well as a $500 fine and various community supervision terms and conditions. On January 8, 2020, the trial court accepted her plea bargain, found her guilty, suspended her sentence, and put her on community supervision.

Less than a year later, the State filed a motion to revoke Segura's community supervision, and Segura made an open plea of true to all of the State's allegations. At the conclusion of the hearing, the trial court revoked her community supervision and imposed her original sentence of two years' state-jail confinement and a $500 fine. In the judgment, however, the trial court also checked boxes for "repayment of reward fine – as Cond of CS (Art. 42A.301(b)(17), Code Crim. Proc.)" and "repayment of

reward fine – as Cond of CS (Art. 42A.301(b)(20) Code Crim. Proc.),"[1] but it did not set out the amounts of those fines in the order. The bill of costs does not include these fines.

Segura's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Segura's counsel provided her with a copy of the *Anders* brief and his motion to withdraw, notified her by letter of her right to file a pro se response and to file a petition for discretionary review in the Court of Criminal Appeals, and provided to

---

[1] In January 2020, when the trial court set Segura's conditions of community supervision, subsection (b)(17) of then-Article 42A.301 provided that the trial court could require the defendant to "reimburse the compensation to victims of crime fund for any amounts paid from that fund to or on behalf of a victim, as defined by Article 56.32, of the offense or if no reimbursement is required, make one payment to the compensation to victims of crime fund in an amount not to exceed $50 if the offense is a misdemeanor or not to exceed $100 if the offense is a felony," and subsection (b)(20) provided that the trial court could require the defendant to "make one payment in an amount not to exceed $50 to a crime stoppers organization, as defined by Section 414.001, Government Code, and as certified by the Texas Crime Stoppers Council." Act of May 18, 2017, 85th Leg., R.S., ch. 324, 2017 Tex. Sess. Law. Serv. Ch. 324. In the order setting Segura's conditions of community supervision, the trial court included a $25 fee under each of these provisions. We note that the statutory provision governing consolidated court costs upon conviction that was in effect at the time of Segura's offense included a percentage for crime stoppers assistance and for compensation to victims of crime. *See id.* ch. 966 (amending Loc. Gov't Code Ann. § 133.102(e)).

her copies of the clerk's and reporter's record. Segura did not file a pro se response. The State agrees that the appeal is frivolous.

We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the record, we have determined that—other than the incomplete "repayment of reward fine" community-supervision provisions, which are duplicative of the consolidated court costs upon conviction, and the inclusion of some incorrect items and amounts in the bill of costs—the appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We may modify a trial court's judgment to correct clerical errors that contradict the record. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex. Crim. App. 1973); *see Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal). And because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014), we may modify the bill of costs to reflect the appropriate statutory costs and to delete

improper charges. *See id.* at 390 ("[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost.").

Because the trial court did not write in an amount in the judgment for the "reward" fines or otherwise indicate in the record that these community-supervision-based fines were to be carried over, and because those items duplicate costs incorporated into Segura's consolidated court costs upon conviction, *see Jackson v. State*, 562 S.W.3d 717, 724 (Tex. App.—Amarillo 2018, no pet.); *Smith v. State*, No. 02-16-00412-CR, 2017 WL 2276751, at *2 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication), we delete from the judgment the checkmarks next to "repayment of reward fine – as Cond of CS (Art. 42A.301(b)(17), Code Crim. Proc.)" and "repayment of reward fine – as Cond of CS (Art. 42A.301(b)(20), Code Crim. Proc.)."

And because Segura's offense occurred before January 1, 2020, she was subject to the previous laws on fees included in the bill of costs. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Sess. Law Serv. Ch. 1352. Before January 1, 2020, the courthouse security fund was $5, not $10, under former Code of Criminal Procedure Article 102.017(a), and the consolidated-court-costs provision was $133, not $185, under former Local Government Code Section 133.102(a)(1). *See id.* Additionally, the $1 fee for the county jury fund and the $25 fee for the county specialty court fund both reflect the current statute, which became effective January 1, 2020. *See id.*; *see also* Tex. Loc. Gov't Code Ann. § 134.101(b)(3), (6). Accordingly, we

modify the bill of costs to reflect a $5 charge for the courthouse security fee and a $133 charge for the consolidated court costs, and we delete from the bill of costs the $1 county-jury-fund fee and the $25 county-specialty-court-fund fee.[2]

We grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 21, 2022

---

[2]If the State on rehearing directs us to any applicable former statutory provisions that support these two charges, we may reconsider the deletion.