

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00199-CR

———————————————————

GLENDA GRAY RUYLE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR22-0519

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Glenda Gray Ruyle appeals the trial court's judgment adjudicating her guilt after revoking her deferred-adjudication community supervision. We affirm.

Ruyle was charged with intentionally or knowingly possessing a controlled substance (methamphetamine) in an amount of less than a gram. The quantity made Ruyle's offense a state-jail felony, which has a punishment range of 180 days to two years and up to a $10,000 fine. *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .115(b); Tex. Penal Code Ann. § 12.35. Ruyle pleaded guilty in exchange for four years' deferred-adjudication community supervision, a $750 fine, $120 in "restitution" payable to the Parker County Sheriff's Office, court costs, and $500 for reimbursement of her appointed counsel, as well as various community supervision terms and conditions. The initial bill of costs reflected that Ruyle owed $1,730.

Less than a year later, the State filed a petition to proceed to adjudication, and Ruyle made an open plea of true to all the State's allegations. At the hearing's conclusion, the trial court found her guilty and assessed her punishment, orally pronouncing the following: "a sentence of confinement for a period of nine months in a state jail facility, *allowing for unpaid assessments*, court costs, and time credit against the sentence." [Emphasis added.] But in the written judgment adjudicating Ruyle's guilt, in addition to $290 in court costs, the trial court reinstated the original $750 fine, listed as "Fines (unpaid)," as well as $120 in "Restitution (unpaid)" to "the Sheriff of Parker County," and $535 in "Reimbursement Fees (unpaid)." The trial court also

checked boxes for "General Fine," "Repayment of Reward Fine – as Cond of CS (Art. 42A.301(b)(17), Code Crim. Proc.)," and "Repayment of Reward Fine – as Cond of CS (Art. 42A.301(b)(20) Code Crim. Proc.)," but it did not set out the amounts of those fines in the order. The updated bill of costs lists $25 for "General Fine," $120 for "Restitution," $750 for "Crime Stoppers Fine (CCP 42A.301(b)(20)," and $500 for "Attorney's Fees." The updated bill of costs and the trial court's order to withdraw funds state that Ruyle owes $1,695.

With a supporting brief, Ruyle's court-appointed appellate attorney has moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Ruyle's counsel provided her with a copy of the *Anders* brief and his motion to withdraw, notified her by letter of her right to file a pro se response and to file a brief on the merits in the Court of Criminal Appeals, and provided to her copies of the clerk's and reporter's record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Ruyle did not file a pro se response. The State did not file a brief but agrees that the appeal is frivolous.

We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v.*

*Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the record, we have determined that—other than some correctable errors in the judgment and bill of costs pertaining to fines and other improper assessments—the appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We may modify a trial court's judgment to correct clerical errors that contradict the record. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex. Crim. App. 1973); *see Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal). And because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014), we may modify the bill of costs to reflect the appropriate statutory costs and to delete improper charges. *See id.* at 396.

The trial court did not write in an amount in the judgment for the "reward" fines and did not orally pronounce any fines during sentencing. But "[a] fine is not a court cost or fee; it is part of the punishment." *Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022). Accordingly, fines must be orally pronounced in the defendant's presence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011). Because the trial court did not orally pronounce any fines during sentencing, we delete

4

from the judgment the $750 fine on the judgment's first page and the checkmarks next to "General Fine," "Repayment of Reward Fine – as Cond of CS (Art. 42A.301(b)(17), Code Crim. Proc.)" and "Repayment of Reward Fine – as Cond of CS (Art. 42A.301(b)(20), Code Crim. Proc.)," from the judgment's second page. We also delete the corresponding charges from the bill of costs—the $25 listed as "General Fine" and the $750 listed as "Crime Stoppers Fine"—and from the trial court's order to withdraw.

Further, the bill of costs clarifies that $500 of the "Reimbursement Fees (unpaid)" listed in the judgment is for attorney's fees under Code of Criminal Procedure Article 26.05. Article 26.05(g) "requires a present determination of financial resources," and the defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013) (referencing *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Nothing in the record shows that Ruyle had—or has ever had during this case—the ability to pay attorney's fees. To the contrary, the record reflects that she is a fifty-eight-year-old indigent homeless veteran and day laborer with a single valuable possession—a 2001 paid-off vehicle that no longer runs but that she occasionally lives in. Accordingly, we delete $500 of the "Reimbursement Fees" from the judgment and the $500 attorney's-fee charge from the bill of costs and order to withdraw. *Compare Parks v. State*, No. 09-23-00184-CR, 2024 WL 1896071, at *2 (Tex. App.—Beaumont

5

May 1, 2024, no pet.) (mem. op., not designated for publication) (modifying judgment to delete attorney's fees when they were unsupported by the record), *with Brode v. State*, No. 04-22-00802-CR, 2024 WL 1184460, at \*2 (Tex. App.—San Antonio Mar. 20, 2024, no pet.) (mem. op., not designated for publication) (abating for appointment of new counsel when court identified arguable grounds for appeal, "including whether the trial court erred by failing to make an inquiry on the record regarding the defendant's ability to immediately pay all or part of the fine and court costs").[1]

Furthermore, as to the $120 in "restitution" listed in the judgment as payable to the Parker County Sheriff's Office, the bill of costs does not contain a statutory reference to support this assessment, and restitution is a *victim*'s statutory right. *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *see* Tex. Code Crim. Proc. Ann. art. 42.037(a) ("In addition to any fine authorized by law, the court that sentences a defendant . . . may order [him or her] to make restitution to any victim of the offense or to the compensation to victims of crime fund . . . to the extent that fund has paid compensation to or on behalf of the victim."). Deleting a written restitution order is appropriate when the trial court does not have statutory authority to impose the specific restitution order, and a trial court does not have authority to order restitution to anyone except the victim of the offense for which the defendant is convicted. *Burt*,

---

[1]In the interests of judicial efficiency and economy, we have opted to delete the attorney's fees instead of abating the appeal for appointment of new counsel to brief the issue because the correction of unsupported attorney's fees does not affect the judgment of conviction.

445 S.W.3d at 757–58.[2] The Sheriff's Office is not a victim of Ruyle's drug-possession offense. *See Hanna v. State*, 426 S.W.3d 87, 94 (Tex. Crim. App. 2014) (defining "victim" under Article 42.037 as "any person who suffered loss as a direct result of the criminal offense").

Additionally, restitution is punishment, *Torres*, 687 S.W.3d 328 at 333–34, and—like the fines—the trial court did not orally pronounce it during sentencing. Accordingly, we delete the $120 in "Restitution" from the judgment, bill of costs, and order to withdraw.

We also strike as premature the $15 time-payment fee listed in the bill of costs and incorporated into the order to withdraw. *See Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021) (explaining that a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for purposes of the time-payment fee). We will strike the time-payment fee without prejudice, however, because it may be assessed if Ruyle fails to completely pay her court costs more than thirty days after the issuance of the appellate mandate in this case. *See id.* at 133.

---

[2]Although *reimbursement* can be assessed under Article 42A.301, that statute "only authorizes monies to be paid by an individual placed on community supervision." *Torres v. State*, 687 S.W.3d 328, 333–34 (Tex. App.—Texarkana 2024, no pet.); *see also Shircliff v. State*, 654 S.W.3d 788, 792–93 (Tex. App.—Waco 2022, no pet.) (determining that improperly named $180 in "restitution" was actually reimbursement or "reparation" for DPS lab fees but modifying judgment to delete the amount because defendant was sentenced to confinement and not placed on community supervision). Because Ruyle is no longer on community supervision, this statutory basis would not be available to support the assessment.

We grant counsel's motion to withdraw; modify the judgment, bill of costs, and order to withdraw to reflect the above deletions; and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b); *Bray*, 179 S.W.3d at 729.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: March 27, 2025