

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00445-CR
No. 02-24-00446-CR
No. 02-24-00447-CR
No. 02-24-00448-CR
No. 02-24-00449-CR
No. 02-24-00450-CR
No. 02-24-00451-CR
No. 02-24-00452-CR
No. 02-24-00453-CR

_____

LAWRENCE PORATH, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court Nos. F21-2302-211, F22-2662-211, F22-2663-211, F22-2664-211, F22-2665-211, F22-2666-211, F22-2667-211, F22-2668-211, F22-2669-211

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

After showing up at his girlfriend's home in violation of a protective order, Appellant Lawrence Porath dragged her into an upstairs room while pointing a gun at her minor daughter who had called 911; shot at the police officers who arrived to rescue her; and then held her hostage while he engaged in a lengthy standoff with the police. He pleaded guilty to nine offenses and elected to have a jury assess his punishment. After hearing evidence that included the 911 call and several police bodycam videos, the jury assessed a $10,000 fine in each case and confinement of

- 75 years each for 3 counts of aggravated assault against a public servant;

- 20 years each for 2 counts of aggravated assault;

- 20 years for an aggravated-kidnapping count;

- 10 years for continuous violence against the family;[1]

- 10 years for 1 count of violating a protective order; and

- 5 years for a second count of violating a protective order.

The trial court sentenced Porath accordingly, and he appealed all nine judgments.

With supporting briefs,[2] Porath's court-appointed appellate attorney has moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's briefs and motion meet *Anders*'s requirement to present a

---

[1]The acts underlying this offense predated the other offenses, which all occurred on the same date.

[2]Counsel filed five separate *Anders* briefs.

professional evaluation of the record that demonstrates why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Porath's counsel provided him with a copy of the *Anders* briefs and his motion to withdraw, notified him by letter of his right to file a pro se response and to seek further review, and provided to him a form request to obtain the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). After obtaining a copy of the appellate records, Porath filed a pro se response. Although given the opportunity, the State did not file a brief or response.

We have independently examined the records, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the records and Porath's response, we have determined that—other than some correctable errors in one judgment and in all nine bills of costs—the appeals are wholly frivolous and without merit. Our independent review of the records reveals nothing further that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

We may modify a trial court's judgment to correct clerical errors that contradict the record. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex. Crim. App. 1973); *see Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal). And

because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014), we may modify the bill of costs to reflect the appropriate statutory costs and to delete improper charges. *See id.* at 396.

We correct one judgment error. The "Statute for Offense" in trial-court cause number F22-2662-211 is incorrectly listed as "20.02 Penal Code." *See* Tex. Penal Code Ann. § 20.02 (describing offense of unlawful restraint). Because that conviction was for aggravated assault, we correct the "Statute for Offense" in that cause number to "22.02 Penal Code." *See id.* § 22.02 (describing offense of aggravated assault).

We also correct errors in the bills of costs. Specific costs were not included in the judgments; instead, each judgment states, "$ (see Bill of Costs)." Each clerk's record contains a bill of costs that assesses a $15 time-payment fee. Because the time-payment fees were prematurely assessed, we strike them from each bill of costs. *See Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021) ("[A] defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time[-]payment fee."); *see also Ruyle v. State*, No. 02-24-00199-CR, 2025 WL 938131, at *3 (Tex. App.—Fort Worth Mar. 27, 2025, no pet.) (mem. op., not designated for publication) (striking time-payment fee without prejudice to its being included in the bill of costs when due).

In addition, under the heading "Punishment Options," each trial court judgment has selected the choice deferring payment of fines and costs until Porath's

4

release from confinement. *See Ramirez v. State*, No. 02-24-00224-CR, 2025 WL 1350046, at \*3 (Tex. App.—Fort Worth May 8, 2025, no pet.) (mem. op., not designated for publication). Therefore, we further correct the bills of costs in all nine judgments to show $0 due at this time. *See id.*

We (1) grant counsel's motion to withdraw; (2) modify the judgment in trial-court cause number F22-2662-211 to show the "Statute for Offense" as "22.02 Penal Code" and affirm that judgment as modified; (3) affirm the remaining judgments; and (4) correct the bills of costs in each cause number to strike the time-payment fees assessed and to show a current balance of $0. *See* Tex. R. App. P. 43.2(a)–(b); *Johnson*, 423 S.W.3d at 396; *Bray*, 179 S.W.3d at 729.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: September 4, 2025