

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

───────────────────────

No. 02-25-00171-CR
No. 02-25-00172-CR

───────────────────────

DAMORIAN DANTE HALL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 297th District Court
Tarrant County, Texas
Trial Court Nos. 1474436D, 1493382D

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Damorian Dante Hall appeals the trial court's judgments adjudicating his guilt after revoking his deferred adjudication community supervision. We affirm the trial court's judgment as modified.

## I. Procedural Background

In 2018, pursuant to a plea agreement, Hall pled guilty (in trial court cause number 1474436D) to aggravated robbery and (in cause number 1493382D) to indecency with a child by exposure. The trial court placed him on seven years' deferred adjudication with a $700 fine in each case.

Within months, the State petitioned to proceed to adjudication in both cases, alleging that Hall had violated multiple terms and conditions of his community supervision.[1] At the hearing on the State's amended petitions, Hall pled "true" to all the paragraphs but one—which the State then abandoned—in each of the amended petitions.

The trial court accepted Hall's pleas of true and sentenced him to ten years' imprisonment in the indecency case and fifteen years' imprisonment in the robbery case. The trial court did not orally pronounce a fine at that time; however, its judgment in the indecency case includes a $700 fine, and its judgment in the robbery case includes a $659 fine. Each judgment also includes a "Special Finding" that Hall

---

[1]The State later amended its petition in each case. The specific allegations in the petitions are not at issue in this appeal.

owes reparations in the amount of $415 (in the indecency case) and $4,718 (in the robbery case). Further, the judgment in the robbery case reflects that Hall is ordered to pay $2,560 in "Reimbursement Fees." Hall timely filed a notice of appeal in each case, and the trial court appointed him appellate counsel.

## II. *Anders* **Brief and Motion to Withdraw**

With a supporting brief, Hall's court-appointed appellate attorney has moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal. *Id.*, 87 S. Ct. at 1400. Hall's counsel provided him with a copy of the *Anders* brief and his motion to withdraw, notified him by letter of his right to file a pro se response and to file a petition for discretionary review in the Court of Criminal Appeals, and provided him with a form motion for pro se access to the appellate record. Hall did not file the form motion or a pro se response in this court.

Although he argues in his *Anders* brief that "this appeal is non-meritorious," Hall's counsel directs our attention to "issues pertaining to the trial court's assessment of outstanding fines, fees, [and] reparations." He contends that the fines and reparation orders should be deleted from the judgments and that the trial court abused its discretion by ordering Hall to pay reimbursement for attorney's fees because the trial court did not find that there had been a material change in Hall's

3

financial circumstances.[2] The State did not file a brief but instead filed a letter stating that it agrees with Hall's counsel that Hall has no meritorious grounds upon which to advance an appeal in this case and that it "further agrees with [Hall]'s counsel regarding the fines and reimbursement fees."[3] With one exception, so do we.

### III. Our Analysis

We have independently examined the record, as is our duty upon the filing of an *Anders* brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). After carefully reviewing the record, we have determined that—other than some correctable errors in the judgments and bills of costs pertaining to fines and other improper assessments—the appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

---

[2]The court appreciates counsel's diligence and earnest evaluation of the record for any discernable error. In the future, court-appointed counsel practicing before this court are welcome to file a merits brief if the only issue on appeal is clerical error requiring modification, but not reversal, of the trial court's judgment.

[3]The State's letter does not expressly address the reparations. For the reasons below, we will modify the judgments to delete the fines in both cases and the reimbursement fees and the reparations in the robbery case, but we will not delete the $415 in reparations in the indecency case.

## A. The Fines

When an accused receives deferred adjudication community supervision, no sentence is imposed. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Then, when guilt is adjudicated, the judgment adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fine. *Id.* When a variation exists between the oral pronouncement of sentence at adjudication and the written memorialization of the sentence, the oral pronouncement controls. *Id.*

Because the trial court did not orally pronounce any fine at the time it revoked Hall's community supervision, adjudicated him guilty of the underlying offense, and sentenced him, the judgments must be modified to delete the fines. *See id.*; *see also Demerson v. State*, No. 02-18-00003-CR, 2018 WL 3580893, at *3 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication).

## B. The "Reimbursement Fees" in the Robbery Case

We may modify a trial court's judgment to correct clerical errors that contradict the record. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex. Crim. App. 1973); *see Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal). Because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014), we may modify the bill of costs to reflect the appropriate statutory costs and to delete improper charges. *See id.* at 396.

Here, the bill of costs in the robbery case clarifies that the $2,560 in "Reimbursement Fees" listed in the judgment is for attorney's fees under Code of Criminal Procedure Article 26.05. Article 26.05(g) "requires a present determination of financial resources," and the defendant's financial resources and ability to pay are explicit, critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

Although the record indicates that Hall initially had retained counsel after first being charged with aggravated robbery back in 2016, that counsel withdrew in 2018. Hall was then appointed counsel, who was his attorney at the time of his guilty plea. He also had court-appointed counsel in the revocation proceeding. Nothing in the record shows that Hall had the ability to pay attorney's fees when he originally pled guilty or when his community supervision was revoked.[4] Accordingly, we delete the $2,560 in "Reimbursement Fees" from the judgment and the corresponding attorney's-fee charge from the bill of costs in the robbery case. *See Ruyle v. State*, No. 02-24-00199-CR, 2025 WL 938131, at *2 (Tex. App.—Fort Worth Mar. 27, 2025, no pet.) (mem. op., not designated for publication).

We also strike as premature the $25 time-payment fee listed in the bill of costs and incorporated into the order to withdraw funds from Hall's inmate trust account.

---

[4]We note that all the orders appointing Hall counsel, including appellate counsel, reflect his "Indigency Status" as "Full."

Due to Hall's offense date, we apply the former version of the time-payment-fee statute.[5] The Court of Criminal Appeals has held that "[t]he pendency of an appeal stops the clock for purposes of the time[-]payment fee." *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Thus, imposition of the time-payment fee against Hall is premature because Hall's timely appeal tolled the time for him to pay the court costs re-imposed in the judgment. *See Garza v. State*, No. 02-20-00155-CR, 2022 WL 488933, at *3–4 (Tex. App.—Fort Worth Feb. 17, 2022, no pet.) (mem op., not designated for publication). The assessment of the time-payment fee against Hall should accordingly be deleted without prejudice to future assessment if, more than thirty days after mandate issues, Hall has failed to fully pay any other court cost imposed. *See Dulin*, 620 S.W.3d at 133; *Garza*, 2022 WL 488933, at *4.

---

[5]Former Local Government Code Section 133.103 provided that

> a person convicted of an offense shall pay . . . a fee of $25 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.

Act of June 2, 2003, 78th Leg., R.S., ch. 209, 2003 Tex. Gen. Laws 979, 996–97, *redesignated as* Tex. Code Crim. Proc. art. 102.030. The redesignated section became effective on January 1, 2020, and applies only to convictions with offense dates on or after that date. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40(33), 5.01, 5.04, 2019 Tex. Gen. Laws 3981, 4010, 4035. Because Hall's offenses were committed in 2016 and 2018, the former statute applies.

## C. The Reparations

We have previously held that when reparations are comparable to fees—and are therefore not punishment and not part of a defendant's sentence—they do not have to be included in the trial court's oral pronouncement of sentence to be properly included in the written judgment. *See Brown v. State*, No. 02-08-00063-CR, 2009 WL 1905231, at *2 (Tex. App.—Fort Worth July 2, 2009, no pet.) (per curiam) (mem. op., not designated for publication). To include such fees, however, the State must supply evidence that the defendant actually owes them. *Lewis v. State*, 423 S.W.3d 451, 460–61 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Romo v. State*, No. 02-23-00197-CR, 2024 WL 1100790, at *2 (Tex. App.—Fort Worth Mar. 14, 2024, no pet.) (mem. op., not designated for publication). Thus, we have struck reparations when we were unable to determine the authority for their imposition. *See Lewis*, 423 S.W.3d at 461; *see also Harris v. State*, No. 02-25-00173-CR, 2026 WL 1041694, at *1–2 (Tex. App.—Fort Worth Apr. 16, 2026, no pet.) (mem. op., not designated for publication) (collecting cases, including *Lewis* and *Romo*).

Here, the trial court's judgment in the robbery case includes a "Special Finding" ordering Hall to pay $4,718 in reparations. However, the trial court did not orally pronounce these reparations at sentencing, and there is nothing in the record itemizing them or explaining their purpose. Outside of the judgment itself, the only record reference to "reparations" is found in a docket entry dated May 27, 2025—the day of the revocation hearing. In pertinent part, this entry states, consistent with the

8

judgment, "REPARATIONS IN THE AMOUNT OF $4,718.00 PAYABLE." Further, although it does not use the word "reparations," the order to withdraw funds dated June 3, 2025, states that Hall "currently has incurred court fees and costs in the District Court of Tarrant County, Texas, as above entitled and represented in the certified Judgment and Bill of Costs attached hereto in the amount of $8,251.00." This number equals the sum total of the $4,718 in reparations; the $2,560 in attorney's fees; the $659 fine; and the $314 in court costs reflected in the judgment. However, the record contains no other evidence showing that Hall actually owes any reparations and no support for the $4,718 amount.

On this record, there is nothing that would allow us to determine what portion of the $4,718, if any, is for fines—which must be orally pronounced at sentencing— and what portion is merely for fees and costs. *Compare Bradley v. State*, No. 02-17-00009-CR, 2017 WL 5895350, at *1 (Tex. App.—Fort Worth Nov. 30, 2017, no pet.) (mem. op., not designated for publication) (modifying judgment adjudicating guilt to delete fine where trial court did not include fine in its oral pronouncement of sentence at probationer's revocation hearing), *with Brown*, 2009 WL 1905231, at *2 (holding that reparations need not be orally pronounced when they are comparable to fees).

Unlike the record in the robbery case, however, the record in the indecency case contains some support for the $415 in reparations that Hall was ordered to pay. A "Revocation Restitution / Reparation Balance Sheet" filed May 27, 2025, breaks

9

down the $415 in reparations as $10 "Due to CSCD - CRIME STOPPERS" and $405 "Due to CSCD - SEX OFFENDER SPECIAL FEE." The record also reflects that Hall was ordered to pay "**CRIME STOPPERS** . . . the amount of **$20.00**" in 2018 and "a sex offender fee of $5.00 each month" as conditions of his deferred adjudication community supervision. We have previously held that such a "Balance Sheet" supports a reparations award where the record also reflects that the fees itemized in the Balance Sheet were fees that the appellant was ordered to pay as a condition of his probation. *See Hongpathoum v. State*, 578 S.W.3d 213, 217 (Tex. App.—Fort Worth 2019, no pet.);[6] *see also Garza*, 2022 WL 488933, at *2–3 & n.2; *Levine v. State*, No. 02-19-00414-CR, 2020 WL 5414974, at *2 (Tex. App.—Fort Worth Sept. 10, 2020, no pet.) (mem. op., not designated for publication) (clarifying that although "evidentiary-sufficiency principles do not apply to reparations," the reparations "must . . . have some sort of record support"). We similarly hold that the record in the indecency case supports the $415 that Hall was ordered to pay in reparations.

## IV. Disposition and Conclusion

In appellate cause number 02-25-00171-CR (the robbery case), we modify the judgment to delete the $659 fine, the $2,560 in "Reimbursement Fees," and the $4,718 in reparations. We also modify the robbery case's bill of costs to strike the

---

[6]As we wrote in *Hongpathoum*, "[c]ommunity supervision" and "probation" are synonymous and generally used interchangeably. 578 S.W.3d at 214 n.1 (quoting *Mashyk v. State*, No. 02-16-00295-CR, 2017 WL 2289098, at *1 n.2 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication)).

$2,560 reimbursement and $25 time-payment line items and to reflect that Hall owes nothing in reimbursement fees. We will strike the time-payment fee without prejudice, however, because it may be assessed if Hall fails to completely pay his other court costs more than thirty days after the issuance of the appellate mandate in this case. *See Dulin*, 620 S.W.3d at 133. We modify the order to withdraw funds from Hall's inmate trust account to reduce the amount of court fees and costs that Hall owes to $289.

In appellate cause number 02-25-00172-CR (the indecency case), we modify the judgment to delete the $700 fine. We also modify the order to withdraw funds from Hall's inmate trust account to reduce the amount of court fees and costs that Hall owes to $1,054.[7]

Except for these necessary modifications, we agree with Hall's appointed counsel that this appeal is wholly frivolous and without merit. *See Bledsoe*, 178 S.W.3d at 827–28. We grant counsel's motion to withdraw; modify the judgments, the orders to withdraw, and—in the robbery case only—the bill of costs to reflect the above deletions; and affirm the judgments as modified. *See* Tex. R. App. P. 43.2(b); *Bray*, 179 S.W.3d at 729.

---

[7]This amount equals the sum total of the $639 in court costs and $415 in reparations.

/s/ Mike Wallach
Mike Wallach
Justice

Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 25, 2026