

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00061-CR
No. 02-18-00062-CR
No. 02-18-00063-CR

_____

MICHAEL HONGPATHOUM, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1321486D, 1321487D, 1321493D

Before Gabriel, Kerr, and Pittman, JJ.
Opinion by Justice Kerr

# OPINION

In 2013, the trial court placed Michael Hongpathoum on seven years of deferred-adjudication community supervision[1] for two offenses and five years for a third:

- delivery of a controlled substance (methamphetamine) of one gram or more but less than four grams. Tex. Health & Safety Code Ann. § 481.112(c).

- forgery by possession of a forged writing, to-wit: money. Tex. Penal Code Ann. § 32.21(e).

- theft of a firearm. *Id.* § 31.03(e)(4)(C).

Following a 2017 arrest during which Hongpathoum was found with a stolen gun, the trial court adjudicated him guilty of each earlier offense and sentenced him to twenty, ten, and two years' confinement respectively.

In a single brief, Hongpathoum asserts four points:

(1) for all three cases, he contends that he is entitled to a new punishment hearing because the trial court erroneously denied his motion to suppress and considered a handgun recovered during an illegal search;

(2) in the theft-of-a-firearm case, he argues that the $995 ordered in reparations "due to CSCD" has no basis in the record and should thus be deleted from the judgment;

(3) in the delivery-of-a-controlled-substance case, he maintains that the $1,520 ordered in reparations for unpaid probation fees is unwarranted and should be struck from the judgment; and

---

[1]"Community supervision" and "probation" are synonymous and generally used interchangeably. *Maslyk v. State*, No. 02-16-00295-CR, 2017 WL 2289098, at *1 n.2 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication).

(4) the $700 fine levied against him in the delivery-of-a-controlled-substance case is improper because the trial court did not assess a fine when pronouncing sentence after his adjudication.

We overrule Hongpathoum's first, third, and fourth points but sustain his second point. We thus delete the $995 reparations award from the theft-of-a-firearm judgment and affirm it as modified. We affirm the delivery-of-a-controlled-substance and the forgery-by-possession judgments.

### Hongpathoum waived his motion to suppress.

At the hearing on the State's motion to adjudicate, Officer Jason Macha testified that in September 2017, while Hongpathoum was still on probation, he arrested Hongpathoum after a high-speed car chase, searched Hongpathoum's car incident to the arrest, and found an Xbox bag in which was another bag containing a gun that, after running it through a police system, Officer Macha determined had been stolen. Only after Officer Macha had testified did Hongpathoum present and the trial court deny Hongpathoum's motion to suppress. On appeal, Hongpathoum contends that Officer Macha's search was illegal and thus that the trial court erred in overruling his motion to suppress.

As a preliminary matter, the State argues that Hongpathoum has no right to appeal the trial court's determination to proceed to an adjudication of guilt and, as a corollary, may not appeal a trial court's ruling on a motion to suppress. *See Small v. State*, 977 S.W.2d 771, 773 (Tex. App.—Fort Worth 1998, no pet.). We disagree.

3

At one time, a defendant could not appeal the trial court's ruling revoking a deferred-adjudication probation order and adjudicating the defendant guilty, nor a ruling on any pretrial motion considered during the adjudication proceedings. *See id.* But in 2007, the legislature modified the relevant statute to allow appeals in deferred-adjudication cases in the same manner as in cases in which the trial court found the defendant guilty (adjudicated cases), placed the defendant on probation (regular probation), and later revoked that probation. *See Mercer v. State*, No. 11-07-00040-CR, 2008 WL 4358542, at *1 (Tex. App.—Eastland Sept. 25, 2008, no pet.) (mem. op., not designated for publication); *see also* Act of May 28, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Gen. Laws 4395, 4397 (currently codified at Tex. Code Crim. Proc. Ann. art. 42A.108); *Wade v. State*, Nos. 03-17-00567-CR, 03-17-00568-CR, 2018 WL 1802687, at *1 n.1 (Tex. App.—Austin Apr. 17, 2018, pet. ref'd) (mem. op., not designated for publication) (explaining that article 42.12 of the criminal procedure code was re-codified as chapter 42A effective January 1, 2017).

And when the trial court revokes regular probation, a defendant can appeal the denial of a motion to suppress. *See Wiede v. State*, 214 S.W.3d 17, 19 (Tex. Crim. App. 2007); *Cheek v. State*, 543 S.W.3d 883, 884–85 (Tex. App.—Houston [14th Dist.] 2018, no pet.). So we conclude that we may similarly consider rulings on motions to suppress in appeals following the revocation of deferred-adjudication community supervision.

4

But Hongpathoum did not preserve his complaint. The complained-of testimony came in without objection, and the trial court did not rule on Hongpathoum's motion to suppress until the hearing's end. *See Strehl v. State*, 486 S.W.3d 110, 112 (Tex. App.—Texarkana 2016, no pet.) ("Only after the jury heard Lake's and Lemelin's testimony and saw the video of the arrest, Strehl obtained a ruling denying his motion to suppress. Although a ruling was secured at that time, it was untimely. . . . [T]o be timely, a motion to suppress must be presented before the evidence or testimony is admitted."); *Thomas v. State*, 884 S.W.2d 215, 216–17 (Tex. App.—El Paso 1994, pet. ref'd) ("The record reflects that Appellant did not [object] until after he had allowed two police officers to testify . . . . Although Appellant later urged his motion to suppress . . . and objected . . . on the same grounds, we find that he failed to object at the earliest opportunity, and . . . waived error.").

We overrule Hongpathoum's first point.

**The State concedes that reparations "due to CSCD" is error.**

In the theft-of-a-firearm case, the judgment reflects that Hongpathoum owes $995 in reparations, and the only supporting document is one from the Community Supervision and Corrections Department showing that this amount is "due to CSCD." Hongpathoum argues that the record does not support this reparations award, and the State agrees. *See Lewis v. State*, 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd); *see also Smith v. State*, Nos. 02-16-00412-CR, 02-16-00413-CR,

2017 WL 2276751, at *3 (Tex. App.—Fort Worth May 25, 2017, pet. ref'd) (mem. op., not designated for publication).

We sustain Hongpathoum's second point and strike the $995 in reparations from the theft-of-a-firearm judgment. *See Lewis*, 423 S.W.3d at 461.

**The $1,520 ordered as reparations for unpaid probation fees is proper.**

Hongpathoum marshals a similar argument against the $1,520 ordered in reparations in the delivery-of-a-controlled-substance judgment. But in this instance, the reparations were not ordered as "due to CSCD"; rather, the CSCD form shows that Hongpathoum was $1,520 in arrears on his probation fees and that that was what was being ordered in reparations.

Unpaid probation fees may be taxed against a defendant as reparations. *See Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd). This is true even if the failure to pay probation fees was not alleged as a ground for revocation. *See Tucker v. State*, Nos. 02-15-00265-CR, 02-15-00266-CR, 2016 WL 742087, at *1 (Tex. App.—Fort Worth Feb. 25, 2016, pet. ref'd) (mem. op., not designated for publication); *Edwards v. State*, Nos. 09-13-00360-CR, 09-13-00361-CR, 2014 WL 1400747, at *2 (Tex. App.—Beaumont Apr. 9, 2014, no pet.) (mem. op., not designated for publication).

Next, Hongpathoum notes that another document—the "List of Fee Breakdowns"—shows that his "Probation Fees Remaining" was "0.00." The State

counters that after Hongpathoum's adjudication, his probation fees were converted to reparations.

In *Taylor v. State*, we rejected an argument like Hongpathoum's. *See* No. 02-15-00425-CR, 2016 WL 3159156, at *3–6 (Tex. App.—Fort Worth June 2, 2016, pet. ref'd) (mem. op., not designated for publication).[2] There, the "List of Fee Breakdowns" showed a zero balance on probation fees but did not show reparations —just like the same document here. *See id.* at *5. Two other documents, the district clerk's bill of costs and a document generated by the CSCD, showed that the reparations consisted of probation fees.[3] *See id.* at *1. Viewing the documents collectively and in the light most favorable to the reparations award, we held that the record sufficiently supported the award. *See id.* at *5.

Here, the bill of cost does not reflect either unpaid probation fees or reparations, but the CSCD's "Revocation Restitution / Reparation Balance Sheet" shows that Hongpathoum was $1,520 in arrears on his probation fees and that his reparations amount was also $1,520. Viewing the documents collectively and in the

---

[2]In *Smith* (decided about a year after *Taylor*), we wrote, "[I]n the absence of contradicting evidence showing that appellant did not owe the reparations or had already paid them, the CSCD balance sheet contained in the record is sufficient to support the reparations." 2017 WL 2276751, at *3 (footnote omitted). But in *Smith*, there was no contradictory evidence. *See id.* at *4. So we do not construe *Smith* to be inconsistent with *Taylor*.

[3]The latter document showed that reparations consisted of $120 in probation fees and $15 "due to CSCD," but the appellant did not dispute the latter amount separately. *See Taylor*, 2016 WL 3159156, at *1.

light most favorable to the reparations award, Hangpathoum's unpaid probation fees were transferred from one ledger (the "List of Fee Breakdowns") to another ledger (the "Revocation Restitution / Reparation Balance Sheet"), which explains why the "List of Fee Breakdowns" shows a zero balance. We hold that the record supports the award. *See id.*, at *3–6; *see also Zamarripa*, 506 S.W.3d at 717. ("That the clerk's record also contains a fee breakdown showing '0.00' for 'Probation Fees Remaining' . . . is not, as [the appellant] argues, conclusive evidence that no fees were owed; rather, it must be weighed against the balance sheet and certified bill of costs.").[4]

We overrule Hongpathoum's third point. *See Taylor*, 2016 WL 3159156, at *3–6.

### The trial court did not assess a $700 fine, and the judgment does not reflect a $700 fine.

In his last point, Hongpathoum contends that because the trial court did not assess a $700 fine when orally pronouncing his sentence, the fine should be deleted from the delivery-of-a-controlled-substance judgment. But there is no fine in the adjudication judgment.

---

[4]Slightly more than a year after *Taylor*, we issued another opinion, *Hill v. State*, that appears to have addressed a similar problem but—because the State conceded error for unexplained reasons—came to a different result. *See* No. 02-17-00088-CR, 2017 WL 3821898, at *1 (Tex. App.—Fort Worth Aug. 31, 2017, no pet.) (mem. op., not designated for publication). Similarly, in *Strange v. State*, we held that the only evidence in the record showed that the appellant did not owe any probations fees, and the State conceded error, so we ordered the reparations deleted. No. 02-14-00055-CR, 2014 WL 3868225, at *1–2 (Tex. App.—Fort Worth Aug. 7, 2014, no pet.) (mem. op., not designated for publication). Here, the State is not conceding the issue.

When the trial court initially placed Hongpathoum on deferred-adjudication community supervision for the delivery-of-a-controlled-substance offense, it assessed a $700 fine. The judgment showing Hongpathoum's adjudication recites that initial action. But the judgment also shows that when adjudicating Hongpathoum guilty, the court did not assess a fine. We overrule Hongpathoum's fourth point as moot. *See* Tex. R. App. P. 47.1; *Valencia v. State*, No. 08-17-00050-CR, 2019 WL 364699, at *5 n.7 (Tex. App.—El Paso Jan. 30, 2019, no pet.) (not designated for publication).

## Conclusion

Having sustained Hongpathoum's second point, we delete the $995 reparations award from the theft-of-a-firearm judgment and affirm it as modified. Having overruled Hongpathoum's other points, we affirm the judgments for delivery of a controlled substance and forgery by possession.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Publish

Delivered: June 6, 2019