

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00413-CR

_____

WILLIAM ROGER MCGLOTHLIN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1269183D

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

After William Roger McGlothlin pleaded guilty to possessing child pornography, the trial court placed him on ten years' deferred-adjudication community supervision. Tex. Penal Code Ann. § 43.26. But the State later alleged that McGlothlin violated that community supervision 41 times. After a hearing to adjudicate McGlothlin's guilt, the trial court found 31 allegations true, revoked McGlothlin's deferred-adjudication community supervision, adjudicated McGlothlin guilty of child-pornography possession, and sentenced him to 10 years' confinement. The trial court's judgment orders McGlothlin to pay $450 in reparations: $275 for probation fees and $175 for money "DUE TO CSCD."

On appeal, McGlothlin complains only that the trial court's reparations order violates his due-process right. McGlothlin challenges both bases of the reparations award.

Counsel candidly admits that this court has rejected the argument that a trial court violates a defendant's due-process right by imposing probation fees as reparations, *see, e.g.*, *Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd), but he raises it "to preserve it for further review." Counsel makes no new argument to support the complaint, nor has he shown that any change in the law requires this court to abandon its precedent. Therefore, we decline to reverse course and overrule our holding.

But our precedent does support modifying the trial court's judgment to delete the $175 described solely as "DUE TO CSCD." With no additional explanation in the record, this description fails to support a reparations award. *See Hongpathoum v. State*, 578 S.W.3d 213, 216 (Tex. App.—Fort Worth 2019, no pet.); *Lewis v. State*, 423 S.W.3d 451, 461 (Tex. App.—Fort Worth 2013, pet. ref'd).

We therefore partially sustain McGlothlin's point, modify the trial court's judgment to delete $175 from the reparations so that McGlothlin is obligated to pay only $275 in reparations, and affirm the judgment as modified.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 13, 2021