

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00155-CR

———————————————

MANUEL ALEJANDRO GARZA, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1548886D

_____

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Manuel Alejandro Garza appeals from the trial court's judgment adjudicating him guilty and sentencing him to seven years' confinement for evading arrest or detention with a vehicle.  Garza asserts three points on appeal:  (1) that the trial court improperly imposed a $228 fine in the judgment without having orally pronounced any fine at the sentencing hearing;  (2) that the record is insufficient to provide a basis for $1,190 in reparations; and (3) that the time-payment fee of $25 was assessed prematurely.

We overrule Garza's second point but sustain his first and third points.

## I.  BACKGROUND

On September 12, 2018, pursuant to a plea deal, the trial court placed Garza on deferred adjudication for three years and imposed a fine of $300 and court costs of $289.  That same day, the district clerk issued a Bill of Cost with a breakdown of the then-mandatory costs for felony convictions.  As a condition of Garza's community supervision, he was to pay a monthly $60 community supervision fee.

On October 30, 2020, proceeding on Garza's unnegotiated plea of true to the State's amended petition to adjudicate, the trial court adjudicated Garza guilty and sentenced him to seven years' confinement.  The trial court did not orally pronounce a fine at the sentencing hearing.  However, the written judgment imposed a fine of

$228,[1] reparations of $1,190, and court costs of $314. The district clerk issued a Bill of Cost for $314 the same day. On November 2, 2020, the district clerk issued a List of Fee Breakdowns which itemized the $314 in costs, to include the then-mandatory costs for felony convictions and a time-payment fee of $25. Garza timely filed his notice of appeal on November 2, 2020.

## II. IMPOSITION OF FINE

In his first point, Garza asserts that the $228 fine imposed in the written judgment adjudicating guilt should be deleted because the trial court failed to orally pronounce the fine in his presence at the adjudication hearing. The State concedes this point, and we agree.

A defendant's sentence, which includes any fine imposed, must be orally pronounced in his presence. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Lewis v. State*, 423 S.W.3d 451, 459 (Tex. App.—Fort Worth 2013, pet. ref'd). "When there is a conflict between the oral pronouncement of sentence and the sentence in the written judgment, the oral pronouncement controls." *Taylor*, 131 S.W.3d at 500. In the context of deferred adjudication, the defendant is not sentenced unless and until he is adjudicated guilty. *Id.* at 502. Thus, the imposition of a fine in this context occurs only upon oral pronouncement of the fine when the defendant is adjudicated guilty. *Id.* This is true even if the trial court imposed a fine when the

---

[1]The district clerk's list of fee breakdowns credits Garza with payment of $72 of the original fine.

defendant was initially placed on deferred adjudication. *Id.* ("[W]hen guilt is adjudicated, the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine."); *see Abron v. State*, 997 S.W.2d 281, 282 (Tex. App.—Dallas 1998, pet. ref'd) (modifying judgment to delete fine after trial court revoked deferred adjudication probation but failed to orally pronounce fine as part of sentence); *see also Washington v. State*, No. 02-11-00152-CR, 2012 WL 1345743, at *2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (same).

The record shows that the trial court failed to orally pronounce the fine it subsequently imposed in its written judgment adjudicating guilt. Accordingly, we sustain Garza's first point and delete the $228 fine from the judgment and attached Order to Withdraw Funds.

## III.   IMPOSITION OF REPARATIONS

In his second point, Garza asserts that the trial court erred by ordering $1,190 in reparations, arguing that the fee is of "unknowable provenance." He contends that the record contradicts itself by referring to the fee as "reparations" and later as a "probation fee," and that it is not clear whether the fee was included as part of the original conditions of his community supervision. Alternatively, he argues that, if the reparations are for reimbursement of attorney's fees, they should be deleted because there is no basis in the record that Garza had the financial resources to repay the costs of court-appointed legal counsel. Because we hold there is a basis in the record to

4

support reparations for probation fees, we overrule Garza's second point and need not consider his argument regarding his ability to reimburse attorney's fees.

"[W]e review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost . . . ." *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014); *see Zamarripa v. State*, 506 S.W.3d 715, 716 (Tex. App.—Fort Worth 2016, pet. ref'd) (reviewing assessment of probation fee reparations as a court cost). We recently reaffirmed our well-established precedents holding that unpaid probation fees may be assessed by the trial court in a judgment adjudicating guilt after revoking deferred-adjudication probation. *See Turner v. State*, No. 02-21-00058-CR, 2022 WL 123220, at *6 (Tex. App.—Fort Worth Jan. 13, 2022, no pet. h.) (holding that trial courts are statutorily authorized to assess unpaid probation fees in judgments adjudicating guilt regardless of whether such fees are characterized as "reparations").

In *Hongpathoum v. State*—decided under nearly identical relevant facts—we held that the record supported reparations of $1,520. 578 S.W.3d 213, 217 (Tex. App.—Fort Worth 2019, no pet.). There, the only basis for reparations was in a "Revocation Restitution / Reparation Balance Sheet" from the Tarrant County Community Supervision and Corrections Department (CSCD) showing an arrearage of $1,520 for unpaid probation fees. *Id.*

Here, when Garza was placed on deferred adjudication, he was ordered to pay probation fees in the amount of $60 per month. The trial court's judgment

5

adjudicating guilt ordered "REPARATIONS IN THE AMOUNT OF $1,190.00." As in *Hongpathoum*, the only record evidence supporting this fee is a "Revocation Restitution / Reparation Balance Sheet" from the Tarrant County CSCD showing $1,190 due for "PROBATION FEES." *See id.* Considering the record as a whole, we conclude that there is a basis for $1,190 in reparations.

Further, because probation fees are mandatory, all defendants have constructive notice of their obligation to pay them. Tex. Code Crim. Proc. Ann. art. 42A.652(a); *cf. Johnson*, 423 S.W.3d at 389 (holding that criminal defendants have constructive notice of all mandatory costs fixed by statute). Garza acknowledged his obligation to pay the $60 monthly fee by signing the "Conditions of Supervision" form upon being placed on deferred adjudication. As such, Garza cannot claim ignorance to avoid the arrearages owed to CSCD because he was on constructive and actual notice of his obligation to pay.

Because the record provides support that the $1,190 in reparations was for arrearages owed to CSCD for monthly probation fees, we hold that there is a basis in the record for this award and overrule Garza's second point.[2]

---

[2]Because $1,190 is not evenly divisible by $60, there might exist some question regarding the exact breakdown of the probation fees owed. This question can be resolved in two ways. First, Garza does not complain on appeal that such a discrepancy exists and has thus failed to preserve this complaint. Alternatively, the discrepancy can be attributed to either a partial payment of his monthly probation fees or the addition of a $50 crime-stoppers fee imposed by his Conditions of Community Supervision. Garza completed at least 19 months of probation before he was adjudicated guilty, which would have required him to pay $1,140 in monthly

6

## IV.   IMPOSITION OF TIME-PAYMENT FEE

In his third point, Garza contends—and the State concedes—that a time-payment fee of $25 was prematurely assessed.  We agree.

Due to Garza's offense date, we apply the former version of the time-payment-fee statute.[3]  The Court of Criminal Appeals recently held that this statute "was designed to be triggered by the finality of the judgment" and that "[t]he pendency of an appeal stops the clock for purposes of the time[-]payment fee."  *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).  In other words, imposition of the time-

---

probation fees.  Adding the $50 crime-stoppers fee to this amount equals $1,190. Because Garza did not contest either fee as a condition of his community supervision and both he and the record are silent as to whether he partially paid his probation fees or paid the $50 crime-stoppers fee, we can resolve the discrepancy on either ground. *See Sanders v. State*, No. 02-19-00029-CR, 2019 WL 4010358, at *2 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for publication) (holding that there was record basis to include the crime-stoppers fee as part of reparations owed to CSCD when the fee was ordered as a condition of community supervision, the defendant did not contest that he owed the fee, and the record did not show the fee as paid).

[3]Former Local Government Code Section 133.103 provided that

> a person convicted of an offense shall pay . . . a fee of $25 if the person:
> (1) has been convicted of a felony or misdemeanor; and (2) pays any part of
> a fine, court costs, or restitution on or after the 31st day after the date on
> which a judgment is entered assessing the fine, court costs, or restitution.

Act of June 2, 2003, 78th Leg., R.S., ch. 209, 2003 Tex. Gen. Laws 979, 996–97, *redesignated as* Tex. Code Crim. Proc. Ann. art. 102.030.  The redesignated section was effective on January 1, 2020, and applies only to convictions with offense dates on or after that date.  *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346.  Because Garza's offense occurred on June 11, 2018, the former statute applies.

7

payment fee against Garza is premature because Garza's timely notice of appeal tolled the time for him to pay the $289 fine re-imposed in the judgment adjudicating his guilt. *See Turner v. State*, No. 05-19-01493-CR, 2021 WL 3083501, at *2 (Tex. App.—Dallas July 21, 2021, no pet.) (mem. op. on remand, not designated for publication) (concluding same when costs imposed in both initial deferred order and judgment adjudicating guilt).

Consequently, the assessment of the time-payment fee against Garza is premature and should be deleted without prejudice to future assessment if, more than thirty days after mandate issues, Garza has failed to fully pay any fine, court cost, or restitution imposed. *See Dulin,* 620 S.W.3d at 133; *Larson v. State*, Nos. 02-19-00366-CR, 02-19-00367-CR, 2021 WL 2460733, at *2 (Tex. App.—Fort Worth June 17, 2021, no pet.) (mem. op., not designated for publication). We sustain Garza's third point.

## V.    CONCLUSION

Having sustained Garza's first and third points, we modify the judgment and the attached Order to Withdraw Funds to delete (1) the $228 fine and (2) the $25 time-payment fee without prejudice to future assessment if, more than thirty days after mandate issues, Garza has failed to fully pay any fine, court cost, or restitution

8

imposed. Having overruled Garza's second point, we affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 17, 2022