

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00165-CR

———————————————————

JOSE DELAULUZ JAQUEZ III, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1535075

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Jose Delauluz Jaquez III was charged by indictment with felony-repetition driving while intoxicated. *See* Tex. Penal Code Ann. § 49.09(b)(2). The indictment included a repeat offender notice, *see id.* § 12.42(a), alleging that Jaquez had been previously convicted of the felony offense of aggravated assault causing serious bodily injury in 1998. In 2018, pursuant to a plea bargain, Jaquez pleaded guilty to the charge in the indictment and true to the notice. The trial court sentenced Jaquez to nine years' imprisonment, probated for nine years.

In 2024, the State filed a petition to revoke Jaquez's community supervision,[1] alleging that Jaquez had assaulted his wife on or about January 7, 2024, thereby violating a condition of his community supervision.[2] The trial court held a hearing at which Jaquez pleaded "[n]ot true" to the alleged violation. At the conclusion of the hearing, the trial court found that the allegation in the State's petition was "true," revoked Jaquez's probation, and sentenced him to six years' imprisonment. Jaquez

---

[1]"Community supervision" and "probation" are synonymous and generally used interchangeably. *Hongpathoum v. State*, 578 S.W.3d 213, 214 n.1 (Tex. App.—Fort Worth 2019, no pet.); *see Euler v. State*, 218 S.W.3d 88, 89 n.1 (Tex. Crim. App. 2007).

[2]In a separate paragraph, the State alleged that Jaquez had violated another condition of his community supervision by testing positive for marijuana or cannabinoids. At the hearing, the State waived that second paragraph.

timely filed a notice of appeal from the trial court's judgment revoking his community supervision.

## II. BACKGROUND

Jaquez's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders*, which requires presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appellate relief. *Id.*, 87 S. Ct. at 1400. Jaquez's counsel provided him with a copy of the *Anders* brief and his motion to withdraw, notified Jaquez of his right to file a pro se response and to file a petition for discretionary review in the Court of Criminal Appeals, and provided him with a form motion to access the appellate record. We afforded Jaquez an opportunity to file a pro se response, but he has not done so. The State filed a letter stating that it agreed with Jaquez's counsel that Jaquez has no meritorious grounds upon which to advance an appeal in this case. In its letter, the State called our attention to a clerical error in the trial court's 2018 judgment[3] but added that it would not further reply to the *Anders* brief filed by Jaquez's counsel.

---

[3]The State requests that we "modify the clerical error in the judgment by deleting 'For One Prior Conviction in Cause #CR-67688' from the trial court's judgment." For the reasons stated herein, we decline the State's invitation to modify the trial court's 2018 judgment.

## III. DISCUSSION

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the *Anders* requirements, we must independently examine the record for any arguable ground that may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have fulfilled our duty to independently examine the record. After reviewing the appellate record, the *Anders* brief, and the State's letter response, we have determined that the appeal is wholly frivolous and without merit. Our independent review reveals nothing that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

As for any clerical error in the 2018 judgment, although we have the authority to modify a judgment "to make the record speak the truth when the matter has been called to [our] attention by any source," *see French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992), challenges to the initial proceeding in which the appellant was placed on community supervision are untimely, and we have no jurisdiction to consider them.[4] *Nix v. State*, 65 S.W.3d 664, 667–68 (Tex. Crim. App. 2001), *abrogated*

---

[4]The trial court may, at any time, correct clerical errors in a judgment or order by entry of a judgment nunc pro tunc. *See State v. Bates*, 889 S.W.2d 306, 309 (Tex.

4

*on other grounds by Wright v. State*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (explaining that issues relating to a defendant's original conviction may not be raised in appeals filed after the defendant's community supervision is revoked). Having no jurisdiction over the 2018 judgment, we are unable to correct any alleged clerical error in it. *See Simek*, 2012 WL 3629542, at *5 ("To the extent that Simek seeks to modify the district court's original judgment, this Court lacks jurisdiction to do so.").

## IV. CONCLUSION

We grant counsel's motion to withdraw and affirm the trial court's judgment revoking Jaquez's community supervision.

---

Crim. App. 1994); *Ex parte Hernandez*, No. 02-15-00277-CR, 2016 WL 354136, at *3 (Tex. App.—Fort Worth Jan. 28, 2016, no pet.) (mem. op., not designated for publication); *see also Hall v. State*, 373 S.W.3d 168, 171–72 (Tex. App.—Fort Worth 2012, pet. ref'd) ("Clerical errors in judgments are subject to correction through judgments nunc pro tunc. . . . When a trial court corrects its records to reflect the truth of what happened in the court, the court is correcting a clerical error, not a judicial error."). Accordingly, the appropriate remedy to correct any clerical error in the 2018 judgment would be to file a motion for judgment nunc pro tunc in the trial court. *See Simek v. State*, No. 03-12-00103-CR, 2012 WL 3629542, at *5 n.1 (Tex. App.—Austin Aug. 22, 2012, no pet.) (mem. op., not designated for publication); *see also Ephraim v. State*, No. 02-19-00076-CR, 2020 WL 938175, at *4 (Tex. App.—Fort Worth Feb. 27, 2020, no pet.) (mem. op., not designated for publication) (applying *Simek* and holding that nunc pro tunc orders, entered by trial court that had revoked defendant's probation to correct clerical errors in original judgments convicting defendant and probating his sentence, were proper).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  May 8, 2025