

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00219-CR

———————————————

ESMERALDA VELASCO, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1683886

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Esmeralda Velasco appeals from the trial court's judgment revoking her community supervision, adjudicating her guilty, and sentencing her to seven years' incarceration. Following a hearing on the State's third amended petition to proceed to adjudication, the trial court found all eight allegations in the State's petition "true."

Velasco raises eight issues,[1] arguing that the trial court abused its discretion by finding that she had violated the conditions of her community supervision because the State failed to present sufficient evidence of her alleged violations. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2023, Velasco pled guilty to robbery and was placed on five years' deferred adjudication community supervision. *See* Tex. Penal Code. Ann § 29.02. The trial court imposed various conditions of community supervision, including that Velasco:

- Commit no offense against the laws of this State or of any other States or the United States.

- Report to the Community Supervision and Corrections Department of Tarrant County, Texas, . . . and no less than monthly thereafter, or as scheduled by the court or supervision officer and obey all rules and regulations of the department.

---

[1]Velasco's brief raises eight issues, but in what appears to be a typographical error, she refers to her eighth issue as her seventh issue.

- Avoid persons and places of disreputable or harmful character.

- Submit valid, non-diluted, non-adulterated urine, hair, blood, breath, or saliva samples for testing for controlled substances, alcohol, and cannabinoids according to the time and manner as directed by the Court and/or supervision officer and pay for testing as required.

- Avoid injurious or vicious habits and do not use or possess any illegal substances, marijuana, or cannabinoids. Do not use, possess, or consume any alcohol.

Almost immediately, she began violating the conditions of her community supervision. Velasco submitted diluted urine samples on January 19, 2023, and February 22, 2023. Tarrant County Community Supervision and Corrections Department (TCCSCD) Officer Accacia Snider met with Velasco on March 9, 2023, to address the diluted samples. TCCSCD Officer Snider instructed Velasco to submit another urine sample. Velasco submitted a urine sample that tested positive for cocaine.

In July 2023, TCCSCD Officer Mark Massey was assigned to supervise Velasco. By this time, Velasco had submitted two more diluted urine samples on March 10, 2023, and April 11, 2023. Then, between April 4, 2023, and May 3, 2023, she failed to report as instructed on four occasions. TCCSCD Officer Massey met with Velasco and explained that submitting diluted urine samples and failing to report were violations of the conditions of her community supervision. Velasco also had not completed any of her required community service hours.

3

By November 2023, another TCCSCD officer, Mackenzie Ousley, had inherited Velasco's case. Because of Velasco's prior diluted urine samples and positive test for cocaine, TCCSCD Officer Ousley instructed her to submit another urine sample for testing. However, Velasco not only failed to submit a urine sample as instructed, but she did not report to TCCSCD Officer Ousley for the following two months or complete any community service hours.

In January 2024, TCCSCD Officer Ousley again instructed Velasco to submit a urine sample for testing. Velasco provided a urine sample that tested positive for marijuana. TCCSCD Officer Ousley met with Velasco, but she denied using drugs and attributed the positive drug test to her being around drug users. TCCSCD Officer Ousley reminded Velasco that being around known drug users—associating with disreputable people—was a violation of the conditions of her community supervision. Because of her positive drug tests, TCCSCD Officer Ousley imposed random call-in drug testing.

On February 23, 2024, and February 26, 2024, Velasco was selected for random urine testing, but she did not report for testing on either occasion. On February 28, 2024, Velasco submitted to hair testing that was positive for cocaine and alcohol use. On March 18, 2024, and April 4, 2024, Velasco submitted to random urine testing that was positive for tetrahydrocannabinol (THC). Velasco was instructed to submit to further urine testing on April 11, 2024, but she failed to report for that drug testing.

4

That same morning, at approximately 5:30 a.m., White Settlement Police Officer L.V. Benningfield was on patrol and observed a vehicle parked in the right lane of traffic on South Las Vegas Trail in White Settlement.[2] He approached the passenger side of the vehicle and knocked on the window but received no response. Officer Benningfield opened the passenger door and observed Velasco asleep in the passenger's seat and a male asleep in the driver's seat.

Officer Benningfield also observed a multicolored package in the male's lap that he knew was commonly associated with THC. Officer Benningfield located similar packages in the center console and backseat. He also found a backpack in the backseat floorboard and a purse in the passenger's seat. The backpack contained Velasco's cellphone and a bag of fourteen multicolored packages that had a combined weight of 4.37 ounces of marijuana. The purse contained drug paraphernalia with marijuana residue. The male driver was arrested and found in possession of a firearm, cocaine, and methamphetamine, and Velasco was arrested for possession of the marijuana that was inside the backpack with her cellphone.

On April 19, 2024, the State filed a petition to proceed to adjudication, alleging that Velasco had violated eight conditions of her community supervision.[3] The State

[2]Officer Benningfield discovered that the vehicle belonged to Velasco.

[3]The State thrice amended its petition to proceed to adjudication.

alleged in its third amended petition that, in violation of the terms and conditions of her community supervision, Velasco had:

- Committed a new offense by possessing a usable quantity of marijuana of five pounds or less but more than four ounces.

- Associated with a person of harmful or disreputable character.

- Admitted to using controlled substances, marijuana, or cannabinoids on March 9, 2023 (cocaine); March 20, 2023 (marijuana); and May 6, 2024 (marijuana).

- Tested positive for controlled substances, marijuana, or cannabinoids on March 10, 2023 (cocaine); January 25, 2024 (THC); February 28, 2024, (cocaine); March 18, 2024 (THC); May 6, 2024 (THC).

- Consumed alcohol on February 28, 2024.

- Submitted diluted urine samples on January 19, 2023; February 22, 2023; March 10, 2023; April 11, 2023; September 13, 2023; October 13, 2023; January 25, 2024; March 18, 2024; April 4, 2024; and April 17, 2024.

- Failed to provide a urine sample, as instructed, on April 4, 2023; April 7, 2023; April 13, 2023; May 3, 2023; November 20, 2023; February 23, 2024; February 26, 2024; and April 11, 2024.

- Failed to complete ten community service restitution hours for May, June, July, August, September, October, November, and December of 2023, and January of 2024.

At a hearing on the State's third amended petition to proceed to adjudication, Officer Benningfield testified about his encounter with Velasco, and TCCSCD Officers Snider, Massey, and Ousley testified about their supervision of her. Velasco pleaded "not true" to the eight alleged violations, and she testified about her

6

performance on community supervision. After considering the evidence presented, the trial court found that Velasco had violated all eight allegations in the State's third amended petition to proceed to adjudication. Accordingly, the trial court adjudicated Velasco guilty, revoked her community supervision, and sentenced her to seven years' incarceration. This appeal followed.

### III. DISCUSSION

#### A. REVOCATION AND ADJUDICATION

The trial court found all eight allegations "true," and Velasco challenges the sufficiency of the evidence for each finding. The testimony of Velasco and the TCCSCD officers provided sufficient evidence to support the trial court's finding that she had violated the terms and conditions of her community supervision.

#### 1. Standard of Review and Applicable Law

A trial court's determination to adjudicate guilt is reviewed in the same manner and subject to the same constraints as an appeal from a community supervision revocation in which an adjudication of guilt has not been deferred. Tex. Code Crim. Proc. Ann. art. 42A.108(b); *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd). An adjudication hearing does not require the same "beyond a reasonable doubt" degree of proof required in regular criminal prosecutions; instead, the State must only prove by a preponderance of the evidence that the defendant violated her community supervision conditions. *Hacker v. State*, 389 S.W.3d 860, 864–

65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Lawrence*, 420 S.W.3d at 331.

A preponderance of the evidence is met if the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of probation.[4] *Hacker*, 389 S.W.3d at 865. The decision whether to revoke community supervision rests within the discretion of the trial court and should not be reversed absent an abuse of that discretion. *Rickels*, 202 S.W.3d at 763; *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Lawrence*, 420 S.W.3d at 331.

A trial court does not abuse its discretion if the ruling is within the zone of reasonable disagreement. *Burch v. State*, 541 S.W.3d 816, 820 (Tex. Crim. App. 2017). A ruling is within this zone if there are two reasonable views of the evidence. *Id.* The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Lawrence*, 420 S.W.3d at 331. The finding of a single violation of a community supervision condition is sufficient to support revoking that supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

---

[4] "Community supervision" and "probation" are synonymous and generally used interchangeably. *Hongpathoum v. State*, 578 S.W.3d 213, 214 n.1 (Tex. App.—Fort Worth 2019, no pet.); *see Euler v. State*, 218 S.W.3d 88, 89 n.1 (Tex. Crim. App. 2007).

**2. Sufficient Evidence Supports Revocation and Adjudication of Guilt**

The fourth allegation of the State's third amended petition to proceed to adjudication alleged that Velasco had tested positive for controlled substances, marijuana, or cannabinoids on March 10, 2023 (cocaine), January 25, 2024 (THC), February 28, 2024, (cocaine), March 18, 2024 (THC), and May 6, 2024 (THC), and its fifth allegation alleged that she had consumed alcohol on February 28, 2024. The trial court found these violations "true," and there is sufficient evidence to support both findings.

At the hearing, TCCSCD Officer Snider testified that Velasco had tested positive for cocaine on March 10, 2023. TCCSCD Officer Ousley testified that Velasco had tested positive for marijuana on January 25, 2024, positive for cocaine and alcohol on February 28, 2024, and positive for THC on March 18, 2024, and April 4, 2024. *See Avelar v. State*, No. 07-09-0013-CR, 2010 WL 298040, at *1 (Tex. App.—Amarillo January 26, 2010, no pet.) (mem. op., not designated for publication) (holding that community supervision may be revoked solely on probation officer's testimony); *Muehr v. State*, No. 04-03-00125-CR, 2004 WL 1159131, at *1 (Tex. App.—San Antonio May 26, 2004, no pet.) (mem. op., not designated for publication) (holding that a probation officer's testimony that a defendant had two positive urinalysis tests and a positive cocaine result was sufficient to adjudicate the defendant's guilt based on drug consumption).

Velasco also testified at the hearing, and she admitted that she had used controlled substances and marijuana while on community supervision. The following exchange occurred during the prosecutor's cross-examination of Velasco:

Q. Okay. So you tested positive for cocaine on March 9th, 2023. Did you use cocaine?

A. Yes.

Q. You tested positive for marijuana March 20th, 2023. Did you use marijuana?

A. Yes, ma'am.

Q. You tested positive for cocaine again on March 10th, 2023. Did you use cocaine?

A. Yes, ma'am.

Q. You tested positive for THC, tetrahydrocannabinol, on January 25th, 2024, this year; correct?

A. Yes.

Q. Did you use THC?

A. Yes.

Q. You tested positive for cocaine February 28, 2024; correct?

A. Yeah, that was a hair test.

Q. You were using cocaine?

A. That was a hair test, yes, ma'am.

Q. And again for THC on March 18, 2024?

A. Yes, ma'am.

Q.  And you used alcohol in February of 2024; correct?

A.  I believe so.

From the TCCSCD officers' testimony and Velasco's in-court admissions, we conclude that the greater weight of the credible evidence creates a reasonable belief that Velasco had violated a condition of her probation. *See Hacker*, 389 S.W.3d at 865. Specifically, we conclude that there is sufficient evidence by a preponderance of the evidence to support the trial court's finding of "true" on the State's fourth and fifth allegations in its third amended petition to proceed to adjudication—that Velasco had used controlled substances, marijuana, cannabinoids, and alcohol while on community supervision. Accordingly, we hold that the trial court did not abuse its discretion by revoking Velasco's community supervision, and we overrule her fourth and fifth issues. *See Rickels*, 202 S.W.3d at 763; *Cardona*, 665 S.W.2d at 493. Because the finding of a single violation of a community supervision condition is sufficient to support revoking that supervision—having overruled two of her issues challenging the trial court's findings that she had violated her community supervision conditions—we do not reach her remaining six issues. *Garcia*, 387 S.W.3d at 26; *see* Tex. R. App. P. 47.1 (requiring appellate court to hand down written opinion disposing of every issue necessary to the final disposition of appeal).

## IV. CONCLUSION

Having overruled Velasco's fourth and fifth issues, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 14, 2025