

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00179-CR

_____

MACKENZIE LOGAN GEORGE, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 4
Tarrant County, Texas
Trial Court No. 1684054

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Mackenzie Logan George appeals the trial court's Judgment Adjudicating Guilt. In her only issue, George argues that the trial court abused its discretion when it found that she had violated the conditions of her probation[1] because the State failed to prove by a preponderance of the evidence that she had intentionally or knowingly failed to report as ordered. Because a preponderance of the evidence supported the trial court's findings, we will affirm.

## I.     PROCEDURAL BACKGROUND

In June 2022, George pleaded guilty to the offense of attempted unauthorized use of a vehicle, *see* Tex. Penal Code Ann. § 31.07, and the trial court deferred a finding of guilt and placed her on deferred adjudication probation for a period of two years. Among the conditions of her probation, George was ordered to commit no new offenses and to "[r]eport to the Community Supervision and Corrections Department [(CSCD)] of Tarrant County, Texas, immediately following th[e plea] hearing, and no less than monthly thereafter, or as scheduled by the [trial] court or supervision officer and obey all rules and regulations of the department."

In February 2023, the State filed a Petition to Proceed to Adjudication, which it amended in June 2024. As amended, the Petition alleged that George had violated the terms and conditions of her probation by (1) committing a new offense in January

---

[1]"Community supervision" and "probation" are synonymous and generally used interchangeably. *Hongpathoum v. State*, 578 S.W.3d 213, 214 n.1 (Tex. App.—Fort Worth 2019, no pet.); *see Euler v. State*, 218 S.W.3d 88, 89 n.1 (Tex. Crim. App. 2007).

2024, (2) failing to report "at any time" during the months of March 2023 through May 2024, and (3) failing to "report by web" during the months of August 2022 and November 2022 through May 2024.

## II.   THE HEARING

The trial court held a hearing on the State's First Amended Petition to Proceed to Adjudication (the Amended Petition) in May 2025. At the hearing, the State waived the new-offense allegation in the Amended Petition and proceeded only on the failure-to-report allegations. No exhibits were admitted into evidence at the hearing, although the trial court did take judicial notice of the contents of the case file. The only evidence admitted at the hearing was the testimony of two witnesses: Monica Zaiger for the State and George in her own defense.

Zaiger, the probation officer assigned to the trial court, testified that George was ordered to report to CSCD of Tarrant County, Texas, following a hearing on June 6, 2022, and did not report during the months of March 2023 through May 2024. Zaiger further testified that, if George's case were to be transferred to another jurisdiction, then George "was to continue to report to Tarrant County in the manner prescribed by her supervision officer."

Zaiger explained that "the day that [George] was placed on probation her case was transferred to [Henderson C]ounty, and she was provided with instructions for checking in monthly online, which would equate to web reporting." Zaiger then

3

testified that George did not report by web in August 2022 or November 2022 through May 2024.

On cross-examination, Zaiger testified that George had "reported by web twice in the month of June of 2022," that in July she had done the same, and that she had reported by web on October 2 and 29, 2022. When asked about George's reporting "various health . . . diseases and treatment that she was undergoing," Zaiger testified that the only health condition that she was aware of was one that George had reported directly to her on the phone. Zaiger related that, on February 24, 2023, George had told her "that she was in the midst of a high-risk pregnancy." Zaiger testified that in this phone call, she "went into significant detail with [George] about her obligations for reporting" and "advised her that she would need to report to the Tarrant County CSCD bond officer pending any court action in her case." Zaiger further testified that George was given a date to report to Zaiger but "never reported."

When shown chronological records,[2] Zaiger acknowledged that "[i]t appear[ed]" that George had reported that she had Crohn's disease and was on medication. Zaiger further acknowledged that "the chronos" reflected that during the term of George's probation, before the allegations of nonreporting, she had tested positive for a contagious illness and that she had even had to reschedule her office

---

[2]Although both parties and Zaiger referred to "the chronological record," "chronologicals," and "the chronos" at the hearing, no such records were admitted in evidence.

4

visits. Zaiger also testified that George had reported that in March 2023 she had a pregnancy complication called preeclampsia and that she could not even work due to "temporary disability." Understanding that George had "had some health issues that arose," Zaiger testified that she had "provided her with different rescheduled appointments, and she failed to ever report."

Zaiger at one point testified that George "was reporting to Henderson County on this case" but later clarified that "when she was arrested for the theft offense in January of 2023,"[3] she bonded out of jail and "reported back to Henderson County upon her release" from jail. Zaiger insisted that she did not know what George's reporting requirements would be in Henderson County, "as the new case that she picked up was in Tarrant County."

George testified that, up until March 2023, she had cooperated fully with the probation department and was in "great standing" in Henderson County. Consistent with Zaiger's testimony, George said that "[n]o one [had] told [her that she] didn't have to report" in Tarrant County but that she "didn't . . . fully realize that [she] was supposed to continually report monthly" in Tarrant County. She averred that she

[3]Paragraph One of the original State's Petition to Proceed to Adjudication alleged that George had "committed the offense of Theft of Property <$2500 2 or More Previous Convictions on or about the 28th day of January, 2023 in the County of Tarrant and the State of Texas." Paragraph One of the State's Amended Petition alleged, albeit in more detail, that George had committed the same offense "on or about the 28th day of January, 2024 in the County of Tarrant and the State of Texas." Because the State waived Paragraph One of the Amended Petition and did not attempt to prove the allegations therein at the hearing, we need not resolve this ambiguity in the record.

would have reported if she had known that she had to report and continue on her probation in Tarrant County. She admitted "[t]hat online [she had] missed reporting" but claimed that she had "reported faithfully until that point." She testified that she had "had a lot going on in [her] life" and "truly did not understand that [she] was supposed to continually report monthly," but she confessed that "[i]gnorance isn't an excuse."

On cross-examination, George admitted that she had failed to report by web during August 2022, November 2022, and December 2022, all prior to the commission of her new offense. When questioned by the trial court, George affirmed that she had been convicted in two different theft cases in Smith County in May 2015 and had been placed on probation. On redirect examination, she testified that she could not remember why she had not reported in August 2022 and that she was "not sure [in] which month [she] had a confirmed pregnancy." Although she claimed that she had been told that she had "a high-risk pregnancy" and that she had "to come to Dallas to get 3D sonograms and extra testing," she conceded that none of these facts was an excuse and that she "should have made sure to follow any and all guidelines." Finally, she testified that she had been reporting to a probation officer who was aware that she was under some high stress because of the baby and some sicknesses.

The trial court found Paragraphs Two and Three of the State's Amended Petition true, adjudicated George's guilt, and sentenced her to 360 days in the Tarrant County Jail.

6

## III.   ANALYSIS

We review a trial court's decision to adjudicate guilt with the same standard that we use to review a trial court's decision to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.108(b). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, then the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

In her only appellate issue, George argues that the trial court abused its discretion when it found that she had violated the conditions of her probation "because the State failed to prove by a preponderance of the evidence that [George] intentionally or knowingly failed to report." But the State's Amended Petition did not allege that George "intentionally or knowingly failed to report." Rather, the paragraphs that the trial court found true simply alleged that George had "failed to report at any time during the month(s) of . . . March, April, May, June[,] July, August, September, October, November[,] and December of 2023 [and] January, February,

7

March, April, and May of 2024, as instructed by the [trial c]ourt or the supervision officer" and that she had "failed to report by web during the months of . . . August, November[,] and December of 2022[;] January, February, March, April, May, June, July, August, September, October, November, and December of 2023[; and] January, February, March, April, and May of 2024, as instructed by the [trial c]ourt or the supervision officer."

As we have recounted, Zaiger testified that George failed to report as alleged in the State's Amended Petition. Although George contends in her brief that Zaiger "was not an eyewitness to the early missed court dates," she cites no authority stating that a testifying witness need be an eyewitness to the alleged violation for the witness's testimony to prove that violation by a preponderance of the evidence. In fact, our own authority says the opposite.

In *Johnson v. State*, we held that the testimony of officers who had not personally witnessed the alleged probation violation but testified to what someone else had reported to them "was sufficient for the trial court, as the sole judge of the credibility of the witnesses, to have found by a preponderance of evidence that [the appellant had] violated his probation by [committing the acts to which the officers testified]." 2 S.W.3d 685, 687–88 (Tex. App.—Fort Worth 1999, no pet.). George does not address this precedent or offer us any reason not to follow it. *See also Bibbs v. State*, No. 02-24-00285-CR, 2025 WL 2552337, at *4–5 (Tex. App.—Fort Worth Sept. 4, 2025, no pet.) (mem. op., not designated for publication) (relying on *Johnson* in rejecting adjudicated

8

probationer's appellate argument that State failed to prove by preponderance of evidence that probationer had violated probation condition where probation officer who testified at hearing admitted that he had "just been testifying to what other officers ha[d] written.").

George also points to Zaiger's testimony that George "was reporting in Henderson County" and that Tarrant County CSCD was aware of her health issues. George claims that she "testified that the earlier reporting failures were due to illness." This selective and charitable characterization of the witnesses' testimony does not comport with the proper standard of review; again, we must review the evidence in the light most favorable to the trial court's ruling. *Brown v. State*, 354 S.W.3d 518, 519 (Tex. App.—Fort Worth 2011, pet. ref'd) (mem. op.), *abrogated on other grounds by Brimzy v. State*, 726 S.W.3d 379 (Tex. Crim. App. 2025). Regardless, George cites no authority supporting her implicit contention that illness is a defense to failure to report, and we have found none. To the contrary, at least one of our sister courts has held that a trial court did not abuse its discretion in revoking probation based on a failure to report in a case where the probationer expressly testified at trial that he did not report to his probation officer because he was sick with hepatitis. *See Avila v. State*, No. 08-99-00349-CR, 2000 WL 1731283, at *2 (Tex. App.—El Paso Nov. 22, 2000, pet. ref'd) (not designated for publication).

Finally, George points to her own testimony that she did not know she still had to report after being charged in a new case and that she would have reported had she

known she was supposed to report to Tarrant County CSCD. Even if George's professed misunderstanding constituted a legal defense to her failure to report—and, once again, George provides us with no authority supporting such a proposition—the trial court made a finding on the record that her self-serving testimony was "completely hollow because [her] experience at Smith County should have taught [her] differently."

Zaiger testified that George did not report by web in August 2022 or during any months from November 2022 through May 2024. She also testified that in February 2023, she gave George detailed instructions to report to Tarrant County CSCD and even "provided her with different rescheduled appointments" but that George "failed to ever report" in the months after that. A preponderance of the evidence supports the trial court's true findings as to Paragraphs Two and Three of the State's Amended Petition, and the trial court thus did not abuse its discretion. We overrule George's only appellate issue.

## IV. CONCLUSION

Having overruled George's only issue, we affirm the trial court's Judgment Adjudicating Guilt.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 26, 2026

10