

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00035-CR

**JENNIFER R. FULTON, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the Criminal District Court 4
Tarrant County, Texas[1]
Trial Court No. 1855457, Honorable Andy Porter, Presiding

May 11, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Jennifer R. Fulton, appeals from the trial court's order revoking her community supervision, adjudicating her guilty of the offense of assault with bodily injury on a family or household member with a previous conviction, and sentencing her to serve ten years of imprisonment. By four issues, Appellant contends the trial court erred and deprived her of her due process rights by including a fine and certain fees in the judgment. We affirm the judgment as modified herein.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

## BACKGROUND

Appellant was charged with the third-degree felony offense of assault causing bodily injury to a family member with a previous conviction for same. She pleaded guilty to the offense in June 2025, and the court placed her on deferred adjudication community supervision for two years. Her community supervision was subject to certain terms and conditions.

Two weeks later, the State filed a motion to proceed to adjudication, alleging Appellant violated the terms and conditions of her community supervision by committing the offense of driving while intoxicated on July 1, 2025, and consuming alcohol on July 1, 2025. The court held a hearing on the motion in November 2025. The State waived the first allegation and proceeded on the second. The State presented evidence supporting its second allegation. During her testimony, Appellant admitted to violating the condition of her community supervision that prohibited her from drinking. At the conclusion of the hearing, the trial court found the allegation to be true and assessed punishment against Appellant at ten years of imprisonment and noted she had a "balance of $787.50 in restitution owing to Tarrant County Texas" and imposed it as part of the judgment. It did not orally pronounce a fine.

The written judgment includes a fine of $500.00. It also includes a "special finding" setting forth reparations in the amount of $443.00. The Bill of Costs includes $787.50 in attorney's fees and a $15.00 time-payment fee.

2

By four issues, Appellant argues (1) the trial court deprived her of due process of law in ordering her to repay $787.50 in appointed attorney's fees because there is no evidence to support a finding that she was no longer indigent; (2) the written judgment erroneously includes a $500 fine because the trial court did not orally pronounce the fine as part of its sentence; (3) the trial court deprived her of due process of law in ordering $443.00 to be paid as "reparations" because there is no factual basis for the order; and (4) the trial court deprived her of due process of law in ordering withdrawal of $2,045.50 from her inmate trust account because there is no factual basis for the amount ordered, and she was given no opportunity to object to the order.  The State agrees the judgment, Bill of Costs, and order to withdraw funds from Appellant's inmate account should be modified as requested.  We sustain Appellant's issues and modify the judgment, Bill of Costs, and Order Withdrawing Funds From Inmate Trust Account accordingly.

Attorney's Fees

The record shows Appellant was assessed $787.50 in attorney's fees.  The clerk's record includes a July 29, 2025 order finding Appellant had the resources to offset in part or in whole the costs of the legal services provided to her and ordered her to pay $787.50 in attorney's fees.  The order was issued without a hearing or other inquiry on the record concerning Appellant's ability to pay the fees.  The same fee is noted in an August 4, 2025 supplement/amendment to conditions of supervision.  Appellant's signature does not appear on that document.

3

A trial court errs if it orders reimbursement of court-appointed attorney's fees without record evidence demonstrating a defendant's financial resources to offset the costs of legal services. *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). The record shows Appellant is indigent, and nothing indicates that has changed. Indeed, the trial court found Appellant indigent three times, twice before the July 29, 2025 order was entered and once after. Therefore, the remedy is to delete the assessment of attorney's fees. *See King v. State*, No. 07-24-00414-CR, 2025 Tex. App. LEXIS 5849, at *4–5 (Tex. App.—Amarillo Aug. 6, 2025, no pet.) (mem. op., not designated for publication) (modifying the judgment to delete assessed attorney's fees because the record reflected the appellant did not have a present ability to pay the cost of his court-appointed attorney's fees). Accordingly, we modify the Bill of Costs associated with the judgment to delete $787.50 of attorney's fees assessed against Appellant.

Fine

The record shows Appellant was assessed a fine of $500.00 at the time she was placed on deferred adjudication community supervision. The order granting Appellant deferred adjudication was set aside when the trial court adjudicated her guilty of the offense. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Appellant was not sentenced until her guilt was adjudicated. *Id.* At that time, the judge did not orally pronounce a fine but nevertheless included a fine within the written judgment. When there is a conflict between the oral pronouncement and the written judgment, the oral pronouncement controls. *Id.* Because the judge did not orally assess a fine as part of Appellant's sentence when guilt was adjudicated, it was incorrectly assessed. *Id.* Therefore, we modify the judgment to delete the $500.00 fine.

<u>Reparations</u>

The written judgment includes a "special finding" setting forth reparations in the amount of $443.00. Appellant argues the record does not support the reparations award and the State agrees. Nothing in the record indicates what this fee represents or why Appellant owed this fee. While we acknowledge that unpaid community supervision fees may be included as reparations in judgments adjudicating guilt, there must be some evidence to support the award. *See Taylor v. State*, No. 02-15-00425-CR, 2016 Tex. App. LEXIS 5926, at *10–15 (Tex. App.—Fort Worth June 2, 2016, pet. ref'd) (mem. op., not designated for publication) (discussing such fees and evidence to support them). The record shows only that Appellant was ordered to pay community supervision fees of $60.00 per month and a $25.00 Crime Stopper Fee within 30 days from the start of her community supervision. However, Appellant was arrested five days after being placed on community supervision, and therefore, those fees cannot make up the $443.00 assessed as reparations.

We find the evidence in the record insufficient to support the fees as required. *See Hongpathoum v. State*, 578 S.W.3d 213, 216 (Tex. App.—Fort Worth 2019, no pet.) (striking some reparation fees due to insufficient evidence supporting the award). We modify the judgment to delete the $443.00 reparations fee.

<u>Time-Payment Fee</u>

Although not challenged by Appellant, we note, as did the State, the Bill of Cost associated with the judgment here includes a $15.00 time-payment fee. In *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021), the Court held that the pendency of an

appeal stops the clock for purposes of the time-payment fee. A time-payment fee assessed before appellate mandate issues is premature and should be stricken in its entirety, without prejudice to refiling should such fee become ripe. *Id.* Thus, we modify the Bill of Costs associated with the judgment to delete the $15 time-payment fee assessed against Appellant.

Withdrawal From Inmate Trust Account

As discussed herein, we have determined $787.50 in attorney's fees, the $500.00 fine, reparations in the amount of $443.00, and the assessed $15.00 time-payment fee must all be deleted from the judgment and associated Bill of Costs. Consequently, we also find those amounts must be deleted from the Order to Withdraw Funds From Inmate's Trust Account, leaving a total to be withdrawn of $300.00. That amount reflects the uncontested $290.00 in court costs and $10.00 reimbursement fee under article 102.011(a)(5).

## CONCLUSION

We modify the judgment, Bill of Costs, and withdrawal order as set forth herein. The district clerk is directed to prepare and file an Amended Judgment and Bill of Costs reflecting the modifications made herein and provide copies to this Court, Appellant, and the Institutional Division of the Texas Department of Criminal Justice. This order of reformation extends to the order to withdraw funds from Appellant's inmate account. As modified, the judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.

6